# EXHIBIT A

**ROSEN & ASSOCIATES, P.C.**
*Counsel to LAK3, LLC*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**

| | |
|---|---|
| In re:<br><br>SEAN M. DUNN,<br><br>         Debtor. | Chapter 7<br><br>Case No. 18-36566 (CGM) |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**
**TO CONCLUDE STATE COURT LITIGATION**

    Upon the motion dated February 14, 2019 (the "**Motion**") of LAK3, LLC ("**LAK3**"), a creditor of Sean M. Dunn, the above-captioned debtor (the "**Debtor**"), by its counsel, Rosen & Associates, P.C., for the entry of an order, pursuant to 11 U.S.C. §362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, granting LAK3 relief from the automatic stay, to conclude certain litigation pending in the state court, described below; and the Court having jurisdiction to consider and determine the Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this proceeding being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court, by Notice of Motion dated February 14, 2019, having scheduled a hearing for March 12, 2019 at 11:00 a.m. (the "**Hearing**") to hear and determine the Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Hearing having been held before the Court on March 12, 2019 at 11:00 a.m.; and upon the record of the Hearing; and the Court having determined that the legal and

factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief; and after due deliberation and sufficient cause appearing to me therefor, it is

NOW, on motion of Rosen & Associates, P.C., attorneys for LAK3,

**ORDERED**, that notice of the Motion is and was good adequate, and timely, and no other or further notice of the Motion is necessary or required; and it is further

**ORDERED**, that the Motion be, and it hereby is, granted as set forth herein; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. §362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, LAK3 be, and it hereby is, granted relief from the automatic stay extant pursuant to 11 U.S.C. §362(a), so that it may continue to prosecute through completion by final judgment its suit as plaintiff against (a) the Debtor, in his true name and/or in or under any name he assumes or in or under which he does business (b) his brother, Gerald Dunn and (c) Well Dunn Maintenance & Contracting, pending in the Supreme Court of the State of New York, County of Westchester (the "**State Court**"), styled, LAK3, LLC v. Sean Dunn, Gerald Dunn, and Well Dunn Maintenance & Contracting (the "**State Court Action")**; and it is further

**ORDERED**, that in the event the Debtor, upon the entry of this Order, does not discontinue his claim as third party plaintiff in the State Court Action, and instead continues to prosecute such the third party action, nothing contained in this Order shall limit the ability of the State Court to adjudicate fully the third party action.

Dated: Poughkeepsie, New York
_____, 2019

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE