# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

LAK3, LLC,

Plaintiff,

-against-

SEAN DUNN, GERALD DUNN, and WELL DUNN
MAINTENANCE & CONTRACTING,

Defendants.

Index No. 61510/2017

---

SEAN DUNN, GERALD DUNN, and WELL DUNN
MAINTENANCE & CONTRACTING,

Third-Party Plaintiffs,

-against-

MICHAEL PICCIRILLO ARCHITECTURE PLLC,
MICHAEL PICCIRILLO, and VLADIMIR LEVIN,

Third-Party Defendants.

Index No.

**SUMMONS**

To the above-named third-party defendants:

You are hereby summoned and required to serve upon defendants/third-party plaintiffs', SEAN DUNN, GERALD DUNN, and WELL DUNN MAINTENANCE & CONTRACTING, attorneys, at their address stated below, an answer to the attached verified third-party complaint.

If this summons was personally delivered upon you in the State of New York, the answer must be served within TWENTY (20) days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

The action will be heard in the Supreme Court of the State of New York, in and for the County of Westchester. This action is brought in the County of Westchester because it is based on the location of the real property at issue.

Dated: Carmel, New York
      May 31, 2018

**WILLIAM A. SHILLING, JR., P.C.**

By:_____
         Michael V. Caruso
122 Old Route 6
Carmel, New York 10512
(845) 225-7500

*Attorneys for defendants/third-party plaintiffs*

To:    Michael R. Gordon, Esq.
       GordonLaw LLP
       51 Bedford Road, Suite 10
       Katonah, New York 10536

       *Attorneys for plaintiff in the Main Action*

       Michael Piccirillo Architecture, PLLC
       345 Kear Street, Suite 203
       Yorktown Heights, New York 10598

       345 Kear Street, Suite 203
       Yorktown Heights, New York 10598

       Vladimir Levin
       345 Kear Street, Suite 203
       Yorktown Heights, New York 10598

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

LAK3, LLC,

                                    Plaintiff,

    -against-

                                                        Index No. 61510/2017
SEAN DUNN, GERALD DUNN, and WELL DUNN
MAINTENANCE & CONTRACTING,

                                    Defendants.

---

SEAN DUNN, GERALD DUNN, and WELL DUNN          Index No.
MAINTENANCE & CONTRACTING,

                          Third-Party Plaintiffs,

    -against-                                      **THIRD-PARTY COMPLAINT**

MICHAEL PICCIRILLO ARCHITECTURE PLLC,
MICHAEL PICCIRILLO, and VLADIMIR LEVIN,

                          Third-Party Defendants.

---

Defendants/Third-Party Plaintiffs SEAN DUNN ("Sean Dunn"), GERALD DUNN

("Gerald Dunn"), and WELL DUNN MAINTENANCE & CONTRACTING ("Well Dunn")

(collectively, the "Third-Party Plaintiffs"), by their attorneys, William A. Shilling, Jr., P.C., as and

for their Third-Party Complaint against Third-Party Defendants MICHAEL PICCIRILLO

ARCHITECTURE PLLC ("Piccirillo Architecture"), MICHAEL PICCIRILLO ("Piccirillo"), and

VLADIMIR LEVIN ("Levin") (collectively, the "Dunn Defendants" or "Third-Party

Defendants"), allege as follows:

### NATURE OF THIRD-PARTY ACTION

1.    This action seeks indemnity and/or contribution to the extent the Court adjudicates

Third-Party Plaintiffs to be liable to Plaintiff LAK3, LLC ("Plaintiff") in the Main Action[1] with

---

[1] Reference is made to the plenary action entitled *LAK3, LLC v. Sean Dunn, Gerald Dunn, and Well Dunn Maintenance & Contracting* commenced in Supreme Court, Westchester County under Index No. 61510/2017 (the "Main Action").

respect to its allegedly deficient construction of a residential dwelling located at 41 Averill Drive, Mahopac, New York 10541 (the "Premises").

2.      Plaintiff commenced the Main Action in the Supreme Court of the State of New York, County of Westchester, against the Dunn Defendants alleging, *inter alia*, that the Dunn Defendants failed to complete their work properly and on time, improperly deviated from Third-Party Defendants' design(s), employed improper construction methods, and violated certain manufacturer and code guidelines, standards, rules, and regulations resulting in delays, cost overruns, and substantial construction work that needed to be performed again, augmented, and/or corrected. (the "Alleged Building Defects").

3.      The Dunn Defendants, without admitting or conceding the truth of the allegations contained in Plaintiff's verified complaint in the Main Action, a true and correct copy of which is annexed hereto as Exhibit "A", incorporate the allegations by reference herein.

4.      The Dunn Defendants interposed an Answer in the Main Action, a true and correct copy of which is annexed hereto as Exhibit "B".

## THE PARTIES

5.      Sean Dunn resides at 8 Veschi Lane, Mahopac, New York 10541.

6.      Gerald Dunn resides at 2719 Strang Blvd., Yorktown Heights, New York 10598.

7.      At all relevant times herein, Well Dunn is a trade name under which Sean Dunn maintains a construction and remodeling business, which had a postal address of P.O. Box 1161, Yorktown Heights, New York 10598 and maintained an office at 8 Veschi Lane, Mahopac, New York 10541.

8.      Upon information and belief, at all relevant times herein, Piccirillo Architecture is a domestic professional limited liability company duly licensed to conduct and/or transact business within the State of New York; specifically, the practices of engineering and/or architecture.

2

9.     Upon information and belief, Piccirillo Architecture has its principal office located at 345 Kear Street, Suite 203, Yorktown Heights, New York 10598.

10.     Upon information and belief, at all relevant times herein, Piccirillo is the managing member and principal licensed architect for Piccirillo Architecture.

11.     Upon information and belief, at all relevant times herein, Levin is a licensed architect employed by Piccirillo Architecture and under the direct supervision of Piccirillo.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

12.     At all relevant times herein, Sean Dunn and Well Dunn operate as a general contractor engaging in residential home construction and/or improvement in the State of New York, County of Putnam.

13.     Upon information and belief, Plaintiff engaged Piccirillo Architecture as the architect and engineer of record to design, engineer, bid, supervise, and implement all architectural and engineering work to perform the demolition and construction work on the Premises described in detail in the Main Action and herein.

14.     Well Dunn bid on the above-referenced scope of work on the Premises.

15.     Piccirillo Architecture supervised and controlled this bidding process as Plaintiff's limited agent and, ultimately, awarded said bid to Well Dunn.

16.     Plaintiff then engaged Well Dunn to perform the above-referenced demolition and new home construction work and to act as general contractor regarding the residential dwelling improving the Premises.

17.     At all relevant times herein, Well Dunn engaged subcontractors to perform a portion of the above-referenced demolition and construction work on the Premises.

18.     From the project's outset, Third-Party Defendants rendered inaccurate, incomplete, and erroneous plans and specifications to Plaintiffs and Third-Party Defendants causing Plaintiffs

3

to request substantial and numerous change orders and design revisions and corrections from Third-Party Defendants.

19.     On several occasions, Third-Party Defendants provided plans, specifications, and/or drawings to Plaintiff and Third-Party Plaintiffs bearing the same date and identifying references; however, these plans, specifications, and/or drawings contained materials differences that, ultimately, generated confusions, delay, and further change orders and corrective work by Third-Party Plaintiffs and subcontractors.

20.     Solely due to Third-Party Defendants' actions and/or omissions, Plaintiff's construction project on the Premises was beset by major design flaws, delays, and, consequently, cost overruns.

**AS AND FOR THIRD-PARTY PLAINTIFFS'**
**FIRST CAUSE OF ACTION**
**(Negligence)**

21.     Third-Party Plaintiffs incorporate all prior paragraphs as though set forth herein.

22.     If Plaintiff was caused to sustain the damages alleged in the Complaint in the Main Action in the manner alleged, then said damages were sustained by reason of negligence, want of due care, culpable conduct, and/or acts or commission or omission on the part of Third-Party Defendants, their agents, servants, and/or employees, including negligently designing the proposed residence on the Premises and its structural components including, but not limited to footings, steel support members and structures, and other load-bearing elements, and negligently providing inaccurate construction drawings, plans, and specifications to Plaintiff and Third-Party Plaintiffs resulting in the Alleged Building Defects without any negligence on the part of Third-Party Plaintiffs contributing thereto.

4

23. Accordingly, Third-Party Defendants are liable to Third-Party Plaintiffs for any recovery had herein against Third-Party Plaintiffs, or for that portion thereof that represents the proportionate share of attorney's fees actually incurred in the defense thereof.

## AND FOR THIRD-PARTY PLAINTIFFS'
## SECOND CAUSE OF ACTION
### (Breach of Contract)

24. Third-Party Plaintiffs incorporate all prior paragraphs as though set forth herein.

25. pon information and belief, Plaintiff and Piccirillo Architects entered into contract whereby Piccirillo Architects would furnish structural, mechanical, and/or electrical engineering and design services relating to the construction of a residential dwelling on the Premises, in addition to preparing construction documents including, but not limited to schematics, drawings, plans, elevations (the "Contract")

26. If Plaintiff was caused to sustain the damages alleged in the Complaint in the Main Action in the manner alleged, then the damages were sustained by reason of breach of contract on the part of Third-Party Defendants, their agents, servants, and/or employees including, but not limited to Piccirillo and Levin in defectively designing and rendering the proposed residence on the Premises and its structural components including, but not limited to footings, steel support members and structures, and other load-bearing elements, and negligently providing inaccurate construction drawings, plans, and specifications to Plaintiff and Third-Party Plaintiffs resulting in the Alleged Building Defects.

27. Accordingly, Third-Party Defendants are liable to Third-Party Plaintiffs for any recovery had herein against Third-Party Plaintiffs or the Dunn Defendants in the Main Action, or for that portion thereof that represents the proportionate share of responsibility of Third-Party Defendants, together with costs disbursements and any attorneys' fees actually incurred in the defense thereof.

## AND FOR THIRD-PARTY PLAINTIFFS'
## THIRD CAUSE OF ACTION
### (Third-Party Beneficiary)

28.     Third-Party Plaintiffs incorporate all prior paragraphs as though set forth herein.

29.      Upon information and belief, Plaintiff and Piccirillo Architects entered into the Contract whereby Piccirillo Architects would furnish certain design, engineering, and architectural services described above to Plaintiff.

30.      Upon information and belief, the Contract required, *inter alia* that Piccirillo Architects review proposals and bidding, oversee construction phasing, review contractor submittals, schedules, and change orders, evaluation work by contractors and subcontractors, certify payments, and implement all other elements of the scope of work provided for in the Contract.

31.     Piccirillo Architects materially breached the Contract by improperly discharging its duties thereunder.

32.     As a result of such material breach, Third-Party Plaintiffs, who were third-party beneficiaries of the Contract, was caused to sustain damages.

33.     Accordingly, Third-Party Defendants are liable to Third-Party Plaintiffs for any recovery had herein against Third-Party Plaintiffs or in the Main Action against the Dunn Defendants, or for that portion thereof that represents Third-party defendant's proportionate share of responsibility, together with costs disbursements and any attorneys' fees actually incurred in the defense thereof.

## AS AND FOR THIRD-PARTY PLAINTIFFS'
## FOURTH CAUSE OF ACTION
### (Indemnity)

34.     Third-Party Plaintiffs incorporate all prior paragraphs as though set forth herein.

6

35.    Upon information and belief, Plaintiff's alleged damages in the Main Action relating to the Alleged Building Defects were the direct and proximate result of Third-Party Defendants' negligent actions and/or omissions.

36.    The negligent actions and/or omissions of the Third-Party Defendants, rather than any negligence attributable to Third-Party Plaintiffs, was the direct and immediate cause of the Alleged Building Defects.

37.    Third-Party Defendants were in exclusive control of the Premises where Third-Party Plaintiffs were employed and performing work on the Premises.

38.    Third-Party Plaintiffs had no knowledge of Third-Party Defendants' negligent actions and/or omissions allegedly causing the Alleged Building Defects and the injuries Plaintiff allegedly suffered.

39.    Third-Party Plaintiffs had no reason to anticipate Third-Party Defendants' negligent actions and/or omissions allegedly causing the Alleged Building Defects and the injuries Plaintiff allegedly suffered.

40.    Third-Party Plaintiffs reasonably relied on Third-Party Defendants not to be or act negligently in performing under the Contract and in their control of all or a portion of the single-family residential dwelling to be constructed on the Premises and its design.

41.    Plaintiff in the Main Action alleges, *inter alia*, conduct entitling Plaintiff to compensatory and punitive damages against Third-Party Plaintiffs, and Third-Party Plaintiffs contend they are not liable for the events and occurrences described in Plaintiff's complaint in the Main Action including, but not limited to the Alleged Building Defects insofar as the allegations pertain to Third-Party Plaintiffs.

42.    Based on the above, Third-Party Plaintiffs demand that Third-Party Defendants defend, protect, and indemnify Third-Party Plaintiffs from all alleged liability of Third-Party

7

Plaintiffs to Plaintiff in the Main Action, or others in connection with the Main Action, as provided at law.

43.     Accordingly, Third-Party Plaintiffs are entitled to full indemnity from Third-Party Defendants for any and all liability, settlement, or judgment, and all costs and expenses, including attorney's fees incurred by Third-Party Plaintiffs in the defense of the Main Action and in the prosecution of this third-party Complaint.

**AS AND FOR THIRD-PARTY PLAINTIFF'S**
**FIFTH CAUSE OF ACTION**
**(Contribution)**

44.     Third-Party Plaintiffs incorporate all prior paragraphs as though set forth herein.

45.     That if Plaintiff was caused to sustain damages at the time and place set forth in the Complaint in the Main Action through any carelessness, recklessness, and/or negligence other than Third-Party Plaintiffs' own negligence, carelessness, and recklessness, all of which are specifically denied, the damages were sustained by reason of the primary carelessness, recklessness, and negligence and/or affirmative acts of omission or commission by Third-Party Defendants, their agents, servants, and/or employees.

46.     That by reason of the foregoing, Third-Party Defendants will be liable to Plaintiff in the Main Action in the event judgment is recovered by Third-Party Defendants in the amount of the judgment or in an amount equal to the excess over and above Third-Party Plaintiffs' equitable share of the judgment. The equitable share of any judgment recovered by Plaintiff is to be determined in accordance with the relative culpability of Third-Party Plaintiffs, if any, and Third-Party Defendants.

[intentionally left blank]

8

**WHEREFORE** Third-Party Plaintiffs respectfully demand a judgment of the Court as follows:

(a) On their First, Second, and Third Causes of Action against Third-Party Defendants, adjudicating Third-Party Defendants to be liable to Third-Party Plaintiffs for that portion, if any, of Third-Party Plaintiffs' liability to Plaintiff in the Main Action representing Third-Party Defendants' proportionate share thereof;

(b) On their Fourth Cause of Action against Third-Party Defendants, an adjudication of total and complete indemnity from Plaintiff by Third-Party Defendants in the Main Action for any judgment entered in the Main Action against Third-Party Plaintiff;

(c) On their Fifth Cause of Action against Third-Party Defendants, an amount to be determined at trial over and against the Third-Party Defendants for the amount of any judgment which may be obtained herein by the Plaintiff in the Main Action against Third-Party Plaintiff, or in an amount equal to the excess over and above Third-Party Plaintiff's equitable share of any such judgment;

(d) For an award of costs, disbursements, and reasonable attorney's fees; and

(e) For such other and further relief as the Court deems just, proper, and equitable.

Dated: Carmel, New York
May 31, 2018

**WILLIAM A. SHILLING, JR., P.C.**

By:_____
Michael V. Caruso
122 Old Route 6
Carmel, New York 10512
(845) 225-7500

*Attorneys for Dunn Defendants in the Main Action and Third-Party Plaintiffs*

9

To:     Michael R. Gordon, Esq.
        GordonLaw LLP
        51 Bedford Road, Suite 10
        Katonah, New York 10536

        *Attorneys for plaintiff in the Main Action*

        Michael Piccirillo Architecture, PLLC
        345 Kear Street, Suite 203
        Yorktown Heights, New York 10598

        345 Kear Street, Suite 203
        Yorktown Heights, New York 10598

        Vladimir Levin
        345 Kear Street, Suite 203
        Yorktown Heights, New York 10598

10

## VERIFICATION

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF PUTNAM     )

       SEAN DUNN, being duly sworn deposes and says:

       I am a Third-Party Plaintiff in this third-party action. I have read the annexed third-party complaint, know the contents thereof, and the same are true to my knowledge, except those matters that are stated to be alleged upon information and belief, and as to those matters, I believe them to be true upon my own investigation and knowledge.

                                  SEAN DUNN

Sworn to before me on this
31st day of May, 2018

Notary Public
Michael V. Caruso
Reg. No. 02CA6365120
Qualified in Putnam County
Commission Expires 9/25/21