Law Office of Francis J. O'Reilly, Esq.
Attorneys for Sean M. Dunn
1961 Route 6
Carmel, NY 10512
(845) 225-5800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Sean M. Dunn,<br><br>　　　　Debtor.<br><br>LAK3, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>Sean M. Dunn,<br><br>　　Defendant. | Chapter 7<br>Case No.: 18-36566(cgm)<br><br><br><br>Adv. Proc. No.: 18-09038(cgm) |

### DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTIONTO VACATE THE AUTOMATIC STAY TO CONCLUDE STATE COURT LITIGATION

　　Francis J. O'Reilly, an attorney admitted to practice before this Court, declares in opposition to plaintiff's motion to vacate the automatic stay to conclude state court litigation.

　　In the instant application, plaintiff seeks to vacate the automatic stay imposed under 11 U.S.C. §362(a)(1) in order to continue to prosecute an action in state court brought to recover alleged damages incurred in connection with a contract between LAK3, LLC and Sean Dunn, Gerald Dunn and Well Dunn Maintenance & Contracting. The purpose of the contract was to renovate a house in Mahopac, New York.

1

The effect of the debtor filing the instant petition was to stay the proceedings in <u>LAK3, LLC v. Sean Dunn, Gerald Dunn and Well Dunn Maintenance and Contracting</u>, Index No.: 61510/2017, Supreme Court of the State of New York, Westchester County. We agree with the movant's statement of the procedural posture of the State Court case, the bankruptcy and the adversary proceeding with the exception of the error of the trustee's name. The trustee appointed in this matter is Fred Stevens, Esq.

In reviewing the plaintiff's application to vacate the stay, the plaintiff relies heavily on <u>Sonnex Industries, Inc. v. Tri Component Products Corporation</u>, 907 F.2d 1280 (2d Cir. 1990) in which the Second Circuit affirmed a Bankruptcy Court ruling in the District of Vermont ruling refusing to vacate the stay to allow a State Court case to continue. The ruling cited a 12 part test first enumerated *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984), the "Curtis Factors".

In the instant case, analyzing the 12 "Curtis Factors", it is clear that the Bankruptcy Court is the proper venue for the plaintiff's dischargeability proceeding and to resolve the underlying issues.

In the instant case, Curtis Factor 1 clearly mitigates in favor of resolving the entire case in the Bankruptcy Court. The issues in the underlying case are two pronged. The first issue is whether the debtor is liable to the plaintiff for damages, the second issue is if the plaintiff is liable, then are those damages dischargeable. While it is clear that the Supreme Court, Westchester County, New York, can determine whether the plaintiff is entitled to damages from the debtor, only the U.S. Bankruptcy Court can determine if such damages are dischargeable.

Curtis Factor 2 requires a lack of any connection or interference with the bankruptcy case in order to vacate the stay. In the instant case, the issues in the State Court litigation, whether a fiduciary duty was breached, is central to the bankruptcy case.

Curtis Factor 3 relates to whether the other proceeding involves the debtor as a fiduciary. In this case, one of the issues, indeed a central issue, is whether the debtor is a fiduciary.

The issue of whether a specialized tribunal with the necessary expertise has been established to hear the course of action is Curtis Factor 4. In this case, no specialized tribunal has been formed and none is needed. Either court is well able to make the necessary findings.

Curtis Factor 5 addresses whether the debtor's insurer has assumed full responsibility for defending the debtor. As this is wholly a contract action, the debtor does not have an insurer representing him. This factor clearly mitigates in favor of keeping this action in the Bankruptcy Court.

Curtis Factor 6 looks to whether the action primarily involves third parties. The instant action involves the debtor and his brother. It is alleged that the debtor is the main party to this action. This favors allowing the action to remain in the Bankruptcy Court.

Curtis Factor 7 addresses whether litigation in another forum would prejudice the interests of other creditors. Trustee Stevens has issued a no asset report in this case. There are no assets available to distribute to anyone. Therefore, no prejudice will arise to other creditors in either forum.

Curtis Factor 8 relates to the equitable subordination of the judgment or claim from the other action.

Curtis Factor 9 addresses whether success in the other proceeding would result in a judicial lien avoidable by the debtor. If the movant was successful in the other proceeding, any judicial lien would be partially voidable under 11 U.S.C. §522(f). The portion that arguably would not be voided pertains to any judgment relating to a violation of a fiduciary duty by the debtor.

Curtis Factor 10 relates to the interests of judicial economy and the expeditious and economical resolutions of litigation. The debtor argues that this matter is best addressed through mediation. This Court is well able to order mediation to attempt to expeditiously resolve all outstanding issues.

The parties are not ready for trial of the matter in State Court. Curtis Factor 11 therefore, certainly does not preclude the litigation from proceeding in the Bankruptcy Court.

The stay is essential to the debtor. The plaintiff is able to proceed in either Court.

The Court has broad discretion in this matter. The debtor requests that the proceedings continue in Bankruptcy Court.

## CONCLUSION

For the above stated reasons, the action should continue in Bankruptcy Court.

Dated: Carmel, New York
       March 4, 2019

                                      Law Office of Francis J. O'Reilly, Esq.

                   By:   /s/ Francis J. O'Reilly, Esq. (fo0473)
                           Attorney for Sean M. Dunn
                           1961 Route 6
                           Carmel, NY 10512
                           (845) 225-5800 – Telephone
                           (845) 225-5906 – Facsimile
                           foreilly@verizon.net

To:   Rosen & Associates, P.C.
       Attorneys for LAK3, LLC
       747 Third Avenue
       New York, NY  10017-2803