# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
# POUGHKEEPSIE DIVISION

In re:

SEAN M. DUNN,

Debtor.

Chapter 7

Case No. 18-36566 (CGM)

## ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY <u>TO CONCLUDE STATE COURT LITIGATION</u>

Upon the motion dated February 14, 2019 (the "**Motion**") of LAK3, LLC ("**LAK3**"), a creditor of Sean M. Dunn, the above-captioned debtor (the "**Debtor**"), by its counsel, Rosen & Associates, P.C., for the entry of an order, pursuant to 11 U.S.C. §362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, granting LAK3 relief from the automatic stay to continue to prosecute through completion the State Court Action, as defined below; and the Court having jurisdiction to consider and determine the Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this proceeding being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court, by Notice of Motion dated February 14, 2019, having scheduled a hearing for March 12, 2019 at 11:00 a.m. (the "**Hearing**") to hear and determine the Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Debtor, by his counsel, having served and filed an objection to the Motion; and the Hearing having been held before the Court on March 12, 2019 at 11:00 a.m.; and upon the record of the Hearing; and the Court having considered the objection and determined that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the Motion ; and after due deliberation and sufficient cause appearing to me therefor, it is hereby

**ORDERED**, that notice of the Motion is and was good adequate, and timely, and no other or further notice of the Motion is necessary or required; and it is further

**ORDERED**, that the Motion be, and it hereby is, granted as set forth herein; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. §362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, LAK3 be, and it hereby is, granted relief from the automatic stay extant pursuant to 11 U.S.C. §362(a), so that it may continue to prosecute through completion by final judgment, strictly limited hereby to issues of liability, its suit as plaintiff against (a) the Debtor, pending in the Supreme Court of the State of New York, County of Westchester (the "**State Court**"), styled, LAK3, LLC v. Sean Dunn, Gerald Dunn, and Well Dunn Maintenance & Contracting (the "**State Court Action**"); and it is further

**ORDERED**, that notwithstanding the foregoing, the automatic stay extant pursuant to 11 U.S.C. §362(a), shall remain in place only to the limited extent necessary to enjoin LAK3 from taking any steps to enforce any judgment it may obtain against the Debtor in the State Court Action.



**Dated: March 22, 2019**
    **Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**