Law Office of Francis J. O'Reilly, Esq.        Hearing Date: 12/17/19 @ 9:30 AM
Attorney for the Debtor,
Sean M. Dunn,
1961 Route 6
Carmel, New York 10512
Tel. No. 845-225-5800
Carlos J. Cuevas
Francis J. O'Reilly

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re                                    Chapter 7

SEAN M. DUNN,                   Case No. 18-36566(CGM)

              Debtor.

----------------------------------------------------------X


**MR. SEAN M. DUNN'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR CONTEMPT AND THE IMPOSITION OF SANCTIONS AGAINST PAUL KARIAN FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

# TABLE OF CONTENTS

PAGE:

**PRELIMINARY STATEMENT**………………………………………… 1

**STATEMENT OF FACTS**……………………………………………. 2

**JURISDICTION AND VENUE**……………………………………… 2

**ARGUMENT**

**MR. KARIAN COMMITTED ATTORCIOUS WILLFUL VIOLATIONS OF THE AUTOMATIC STAY BY ATTACKING MR. DUNN WITH PEPPER SPRAY AND A LARGE HUNTING KNIFE; THEREFORE, THIS COURT SHOULD AWARD COMPENSATORY AND PUNITIVE DAMAGES AGAINST MR. KARIAN**

A. *Mr. Karian Egregiously Violated Bankruptcy Code Section 362(a)(6) by Violently Assaulting Mr. Dunn*…………………… 3

B. *Mr. Karian has Committed Egregious Willful Violations of the Automatic Stay; Therefore, Compensatory and Punitive Damages Should be Awarded to the Debtors*……………………………… 5

1. *When There is a Willful Violation of the Automatic Stay Bankruptcy Code Section 362(k) Mandates the Award of Compensatory Damages, Costs, and Legal Fees*…………… 5

2. *Mr. Dunn is Entitled to be Reimbursed for His Consequential Damages for Mr. Karian's Willful Violations of the Automatic Stay*…………………………………………………….. 8

3. *Mr. Dunn Entitled to be Compensated for His Emotional Distress that He Suffered Because of Mr. Karian's Egregious Violation of the Automatic Stay*……………………………………….. 8

i

*4. Mr. Dunn is Entitled to be Compensated for His Reasonable Legal Fees and Costs*………………………………………..    10

*5. Mr. Karian's Horrific Attacks Warrant the Imposition of Punitive Damages*………………………………………….    10

**CONCLUSION**………………………………………………..    14

## <u>TABLE OF AUTHORITIES</u>

<u>CASE</u>:                                                              <u>PAGE</u>:

*Aiello v. Providian Financial Corp.*,
239 F.3d 876 (7th Cir. 2001)…………………………………………………    9

*Buchanan v. First Family Financial Services (in re Buchanan)*,
273 B.R. 749 (Bankr. M.D.Ga. 2002)……………………………………    3

*Cousins v. CitiFinancial Mortgage Co. (In re Cousins)*,
404 B.R. 281 (Bankr. S.D.Ohio 2009)……………………………………..    4

*Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (Crysen/Montenay
Energy Co.)*, 902 F.2d 1098 (2nd Cir. 1990)…………………………………    6, 10

*Davis v. United States (In re Davis)*,
201 B.R. 835 (Bankr. S.D. Ala. 1996)……………………………………    7

*Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*,
390 F.3d 1139 (9th Cir. 2004)……………………………………………..    9

*Diviney v. NationsBank of Texas (In re Diviney)*,
211 B.R. 951 (Bankr. N.D.Okla. 1997)……………………………………..    11

*Goichman v. Bloom (In re Bloom)*,
875 F.2d 224 (9th Cir. 1989)………………………………………………...    7

*Havelock v. Taxel (In re Pace)*,
67 F.3d 187 (9th Cir. 1995)………………………………………………    7

*In re Braught*,
307 B.R. 399 (Bankr. S.D.N.Y. 2004)……………………………………….    7

*In re Bucciarell*,
2008 WL 7874771 (Bankr. N.D.Ga. 2008)…………………………………    3

*In re Cini*,
2013 WL 492463 (Bankr. D. Mont. 2013)…………………………………    7

iii

| CASE: | PAGE: |
|-------|-------|

*In re Dominguez,*
312 B.R. 499 (Bankr.S.D.N.Y.2004)……………………………………………………  8

*In re Forty-Five Fifty-Five, Inc.*,
111 B.R. 920 (Bankr. D. Mont. 1990)………………………………………………..  7

*In re Jean-Francois*,
532 B.R. 449 (Bankr. E.D.N.Y. 2015)……………………………………………  11, 12

*In re Johnson*,
601 B.R. 365 (Bankr. E.D.Pa. 2019)……………………………………………  9, 10, 12

*In re Lansaw*,
853 F.3d 657 (3rd Cir. 2017)………………………………………………  9

*In re Layton*,
220 B.R. 508 (Bankr. N.D.N.Y. 1998)……………………………………………  8

*In re Lile*, 103 B.R. 830, 837 (Bankr. S.D.Tex. 1989) *aff'd*, 161 B.R. 788
(S.D.Tex. 1993) *aff'd in part*,  --- Fed.Appx. ---- (5th Cir.(Tex.) Dec 12, 1994)
(Table, NO. 93-02625)………………………………………………………  11

*In re Lukach*,
2007 WL 1365436 (Bankr. E.D.N.Y. 2007)……………………………………  10

*In re Mocella*,
552 B.R. 706 (Bankr. N.D.Ohio 2016)……………………………………………  11

*In re Rackowski*,
 2011 WL 7069457 (Bankr. N.D.N.Y. 2011)…………………………………  10

*In re Robinson*,
228 B.R. 75 (Bankr. E.D.N.Y. 1998)……………………………………………  3

**CASE:**                                                                                                    **PAGE:**

*In re Sullivan,*
367 B.R. 54 (Bankr. S.D.N.Y. 2007)……………………………………………    7

*In re Velichko,*
473 B.R. 64 (Bankr. S.D.N.Y. 2012)……………………………………………    *Passim*

*Kirk v. Shawmut Bank (In re Kirk),*
199 B.R. 70, 72 (Bankr. N.D. Ga. 1996)…………………………………………    7

*Knupfer v. Lindblade (In re Dyer),*
322 F.3d 1178, 1191 (9th Cir. 2003)……………………………………………..    7

*LaBarge v. Vierkant (In re Vierkant),*
240 B.R. 317 (Bankr. 8th Cir. 1999)…………………………………………....    3

*Meis-Nactrab v. Griffin (In re Meis-Nactrab),*
190 B.R. 302 (Bankr. N.D. Ohio 1995)…………………………………………    3

*Rexnord Holdings, Inc. v. Bidermann,*
21 F.3d 522 (2nd Cir. 1994)……………………………………………………    3

*Sechuan City, Inc. v. North American Motor Inns, Inc. (In re Sechuan City, Inc.),*
96 B.R. 37 (Bankr. E.D.Pa. 1989)………………………………………………    4

*Sensenich v. Ledyard National Bank (In re Campbell),*
398 B.R. 799 (Bankr. D.Vt. 2008)……………………………………………..    7

*Stringer v. Huet (In re Stringer),*
847 F.2d 549 (9th Cir. 1988)……………………………………………………    3

*Varela v. Ocasio (In re Ocasio),*
272 B.R. 815 (Bankr. 1st Cir. 2002)……………………………………………    *Passim*

*Wagner v. Ivory (In re Wagner),*
74 B.R. 898 (Bankr. E.D.Pa. 1987)……………………………………………..    4, 5

**CASE:**                                                                                        **PAGE:**

*Weber v. SEFCU (In re Weber)*,
719 F.3d 72 (2nd Cir. 2013)……………………………………………..          *Passim.*


**STATUTES**:

11 U.S.C. § 362(a)(6)…………………………………………………..          *Passim*

11 U.S.C. § 362(k)…………………………………………………….          *Passim*

28 U.S.C. § 157(a)…………………………………………………….          2

28 U.S.C. § 157(b)(2)(A)…………………………………………….          2

28 U.S.C. § 157(b)(2)(G)…………………………………………….          2

28 U.S.C. § 1334(a)…………………………….........................................          2

28 U.S.C. § 1409(a)………………………………………………….          2

vi

Law Office of Francis J. O'Reilly, Esq.        Hearing Date: 12/17/19 @ 9:30 AM
Attorney for the Debtor,
Sean M. Dunn,
1961 Route 6
Carmel, New York 10512
Tel. No. 845-225-5800
Carlos J. Cuevas
Francis J. O'Reilly

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re                                     Chapter 7

SEAN M. DUNN,                    Case No. 18-36566(CGM)

                          Debtor.

--------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR CONTEMPT AND THE IMPOSITION OF SANCTIONSAGAINST PAUL KARIAN FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY

### PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Mr. Sean Dunn in support of his Motion for Contempt and the Imposition of Sanctions Against Paul Karian for Willful Violations (the "Motion"). As set forth in the Declaration of Mr. Sean Dunn, Mr. Dunn was the victim of a vicious and unprovoked attack by Mr. Karian. Mr. Karian stalked Mr. Dunn, and Mr. Karian sprayed a bottle of pepper spray onto Mr. Dunn's face. Mr. Karian then proceeded to attempt to break a widow in Mr. Dunn's truck with a large hunting knife, while Mr. Dunn was inside his truck. Simultaneously, Mr. Karian yelling that he was going to kill Mr. Dunn. Mr. Kairan tried to slash Mr. Dunn's tires. Mr. Karian broke the rear window of Mr. Dunn's vehicle when he threw the large hunting knife at Mr. Dunn's vehicle. Mr. Dunn was petrified that Mr. Karian was going to kill him.

The Harrison, New York police saved Mr. Dunn from being stabbed by Mr. Karian. Mr. Karian was arrested by the Harrison, New York police. There is a criminal case pending against. Mr. Karian. Mr. Dunn has obtained an Order of Protection against Mr. Karian.

Mr. Karian damaged Mr. Dunn's truck. It took a month to repair Mr. Dunn's truck. Mr. Dunn's business suffered because he did not have access to his truck for a month. Mr. Karian's vicious attack has left Mr. Dunn traumatized. Consequently, this Court should award Mr. Dunn compensatory damages for the cost of the repairs to his vehicle and emotional distress damages.

Mr. Karian committed horrific willful violations of the automatic stay. This Court admonished Mr. Karian to stay away from Mr. Dunn. Mr. Karian could have killed Mr. Dunn. It is vital that punitive damages be imposed against Mr. Karian to deter not only him, but also other creditors from resorting to violence against debtors.

## STATEMENT OF FACTS

The facts pertinent to this Memorandum of Law are contained in the Declarations of Carlos J. Cuevas, Esq. and Mr. Sean M. Dunn.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). This is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A) & (G). Venue is proper in this district under 28 U.S.C. § 1409(a).

**ARGUMENT**

**MR. KARIAN COMMITTED ATTORCIOUS WILLFUL
VIOLATIONS OF THE AUTOMATIC STAY BY ATTACKING
MR. DUNN WITH PEPPER SPRAY AND A LARGE HUNTING
KNIFE; THEREFORE, THIS COURT SHOULD AWARD
COMPENSATORY AND PUNITIVE DAMAGES AGAINST
MR. KARIAN**

A. *Mr. Karian Egregiously Violated Bankruptcy Code Section 362(a)(6) by Violently Assaulting Mr. Dunn*

When a debtor files a bankruptcy petition the automatic stay arises immediately.

*Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 527 (2nd Cir. 1994); *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 320 (Bankr. 8th Cir. 1999); *Meis-Nactrab v. Griffin (In re Meis-Nactrab)*, 190 B.R. 302, 306 (Bankr. N.D. Ohio 1995). The automatic stay is designed to provide a debtor with a breathing spell so that he or she may reorder his or her affairs. *Stringer v. Huet (In re Stringer)*, 847 F.2d 549, 551-52 (9th Cir. 1988); *In re Robinson*, 228 B.R. 75, 80 (Bankr. E.D.N.Y. 1998).

A creditor is under an affirmative duty refrain from violating the automatic stay. *In re Bucciarell*, 2008 WL 7874771 *2 (Bankr. N.D.Ga. 2008); *Buchanan v. First Family Financial Services (in re Buchanan)*, 273 B.R. 749, 751 (Bankr. M.D.Ga. 2002).

Bankruptcy Code Section 362(a)(6) states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

* * * *

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11  U.S.C. § 362(a)(6).

Bankruptcy Code Section 362(a)(6) prevents creditors from attempting in any way to collect a prepetition debt. *Cousins v. CitiFinancial Mortgage Co. (In re Cousins)*, 404 B.R. 281, 286 (Bankr. S.D.Ohio 2009). Bankruptcy Code Section 362(a)(6) is to be construed broadly. *Sechuan City, Inc. v. North American Motor Inns, Inc. (In re Sechuan City, Inc.)*, 96 B.R. 37, 41 (Bankr. E.D.Pa. 1989).  Bankruptcy Code Section 362(a)(6) prohibits creditor coercion and harassment. *Sechuan City, Inc. v. North American Motor Inns, Inc. (In re Sechuan City, Inc.)*, 96 B.R. 37, 41 (Bankr. E.D.Pa. 1989).

Mr. Karian violated Bankruptcy Code Section 362(a)(6) by sending harassing text messages to Mr. Dunn to collect a pre-petition debt from him; stalking Mr. Dunn; spraying Mr. Dunn with pepper spray; and violently assaulting Mr. Dunn with a large hunting knife. *Varela v. Ocasio (In re Ocasio)*, 272 B.R. 815, 826 (Bankr. 1st Cir. 2002); *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 900-01 (Bankr. E.D.Pa. 1987).

A pertinent case involving Bankruptcy Code Section 362(a)(6) is *Varela v. Ocasio (In re Ocasio)*, 272 B.R. 815 (Bankr. 1st Cir. 2002). There, the Bankruptcy Appellate Panel for the First Circuit affirmed a finding that the appellant had violated Bankruptcy Code Section 362(a)(6). Subsequent to the filing of the debtor's bankruptcy case, the appellant threatened to engage in physical violence to extract the payment of his debt from the debtor.  The appellant threatened to beat the debt out of the debtor's face. The court stated:

> In the instant case, Varela not only violated the automatic stay, he did so in a manner that was vulgar, demeaning, and threatening. When one considers the spectrum of stay violations from mailing bills or account statements to harassing telephone calls, automobile repossessions and home foreclosures, an instance where bodily harm is threatened is, as the bankruptcy court recognized, serious indeed. The Debtor and his attorney also recognized the significance of Varela's conduct and responded by filing criminal complaints against him.

*Id.* at 826.

Another germane case involving Bankruptcy Code Section 362(a)(6) is *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 900-01 (Bankr. E.D.Pa. 1987). There, a creditor violated Bankruptcy Code Section 362(a)(6) by threatening to kill the debtor:

> During the evening of October 5, 1986, Ivory burst into the debtor's home, shut the lights and, in the darkness, held up a finger to the debtor's head (as if he were holding a gun) and screamed, "I'm not playing, I'm not playing, next time I'm going to blow your brains out, bring a gun and I'll blow your brains out." After Ivory left, the debtor notified the police. On November 6, 1986, Ivory pled guilty to the charge of criminal harassment before a Pennsylvania district justice and paid a $25.00 fine. (Footnote omitted).

*Id.* at 900-01.

Mr. Karian transmitted numerous text messages seeking the repayment of his pre-petition debt. Mr. Karian was admonished by this Court to refrain from contacting the Debtor. Nevertheless, Mr. Karian stalked Mr. Dunn. Mr. Karian physically attacked Mr. Dunn with pepper spray. Mr. Karian proceeded to attempt to break into Mr. Dunn's truck with a large hunting knife, while yelling that he was going to kill Mr. Dunn. Mr. Karian threw his large hunting knife at Mr. Dunn's truck breaking the rear window. Absent the Harrison Police Department interceding, Mr. Karian could have killed Mr. Dunn. Under applicable case law, Mr. Karian's horrific and violent attacks on the Debtor constitute egregious violations of the Bankruptcy Code Section 362(a)(6). *Varela v. Ocasio (In re Ocasio)*, 272 B.R. 815, 826 (Bankr. 1st Cir. 2002); *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 900-01 (Bankr. E.D.Pa. 1987).

      *B.     Mr. Karian has Committed Egregious Willful Violations of the Automatic Stay; Therefore, Compensatory and Punitive Damages Should be Awarded to the Debtors*

          *1.   When There is a Willful Violation of the Automatic Stay Bankruptcy Code Section 362(k) Mandates the Award of Compensatory Damages, Costs, and Legal Fees*

Bankruptcy Code Section 362(k)(1) governs the award of damages to an individual for a

willful violation of the automatic stay, and it states:

> (k)(1) Except as provided in paragraph (2), an individual injured by any
> willful violation of a stay provided by this section shall recover actual
> damages, including costs and attorneys' fees, and, in appropriate circum-
> stances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

The United States Court of Appeals for the Second Circuit has set forth the following

standard to determine whether damages should be awarded for a violation of the automatic stay:

> The standard governing the imposition of sanctions pursuant to 11
> U.S.C. § 362(h) is one of first impression for this court. In enunciating
> this standard, we find persuasive the reasoning adopted by the other cir-
> cuits and conclude that any deliberate act taken in violation of a stay,
> which the violator knows to be in existence, justifies an award of actual
> damages. An additional finding of maliciousness or bad faith on the part
> of the offending creditor warrants the further imposition of punitive dam-
> ages pursuant to 11 U.S.C. § 362(h). This standard encourages would-be
> violators to obtain declaratory judgments before seeking to vindicate
> their interests in violation of an automatic stay, and thereby protects
> debtors' estates from incurring potentially unnecessary legal expenses in
> prosecuting stay violations.

*Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (Crysen/Montenay Energy Co.)*, 902 F.2d

1098, 1105 (2nd Cir. 1990).

Circuit Judge Carney made the following remarks concerning the mandatory nature for an

award for a willful violation of the automatic stay:

> Those who violate section 362 are liable for related damages and costs:
> under section 362(k), a debtor "injured by any willful violation of a stay
> provided by [section 362] *shall recover* actual damages, including costs
> and attorneys' fees, and, in appropriate circumstances, may recover puni-
> tive damages." *Id.* § 362(k)(1) (emphasis added).

*Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 77 (2nd Cir. 2013).

In order for there to be a willful violation of the automatic stay, the creditor must have been aware of the automatic stay and the creditor deliberately or intentionally undertook acts that violated the automatic stay. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 82-83 (2nd Cir. 2013); *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989).

A party with knowledge of bankruptcy proceedings is charged with knowledge of the automatic stay. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003); *In re Cini*, 2013 WL 492463 *4 (Bankr. D. Mont. 2013). A willful violation of the automatic stay does not require a specific intent to violate Code Section 362(a). *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 191 (9th Cir. 1995); *Kirk v. Shawmut Bank (In re Kirk)*, 199 B.R. 70, 72 (Bankr. N.D. Ga. 1996).

Where actual notice of a bankruptcy case is proven, a violation of the automatic stay is presumed. *Davis v. United States (In re Davis)*, 201 B.R. 835, 837 (Bankr. S.D. Ala. 1996). Once a court finds that there has been a willful violation of the automatic stay, then relief under Bankruptcy Code Section 362(k) is mandatory. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 77 (2nd Cir. 2013); *In re Forty-Five Fifty-Five, Inc.*, 111 B.R. 920, 923 (Bankr. D. Mont. 1990).

As long as the violator possessed the general intent in taking actions which have the effect of violating the automatic stay the intent required by Bankruptcy Code Section 362(k) is satisfied. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 83 (2nd Cir. 2013); *In re Sullivan*, 367 B.R. 54, 62 (Bankr. S.D.N.Y. 2007). If a party charged with willfully violating the automatic stay knows that the stay is in effect its intention or lack thereof is to violate the automatic stay irrelevant. *Sensenich v. Ledyard National Bank (In re Campbell)*, 398 B.R. 799, 812 (Bankr. D.Vt. 2008); *In re Braught*, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004). Not even a good faith mistake of law can relieve a willful violator of the consequences of its acts. *In re Velichko*, 473 B.R. 64,

69-70 (Bankr. S.D.N.Y. 2012); *In re Layton*, 220 B.R. 508, 517 (Bankr. N.D.N.Y. 1998).

In the case at bar, Mr. Karian had actual knowledge of Mr. Dunn's bankruptcy case. Mr. Karian wrote to the Bankruptcy Court objecting to Mr. Dunn's discharge. Mr. Karian was admonished by Your Honor to refrain from contacting Mr. Dunn. Mr. Karian voluntarily sent numerous text messages to Mr. Dunn seeking the repayment of a pre-petition debt. Mr. Karian subsequently stalked Mr. Dunn. Mr. Karian intentionally and viciously attacked Mr. Dunn with pepper spray. Mr. Karian then intentionally and viciously attacked Mr. Dunn with a large hunting knife while yelling that he was going to kill Mr. Dunn. Mr. Karian was arrested for his attack on Mr. Dunn. Mr. Karian has willfully violated the automatic stay. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 82-83 (2nd Cir. 2013) *Varela v. Ocasio (In re Ocasio)*, 272 B.R. 815, 823-24 (Bankr. 1st Cir. 2002); *In re Dominguez,* 312 B.R. 499, 508 (Bankr.S.D.N.Y.2004).

### 2. *Mr. Dunn is Entitled to be Reimbursed for His Consequential Damages for Mr. Karian's Willful Violations of the Automatic Stay*

The Second Circuit has interpreted Bankruptcy Code Section 362(k) to require that a debtor shall be compensated if he or she has sustained damages because of a willful violation of the automatic stay. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 82-83 (2nd Cir. 2013). Mr. Karian severely damaged Mr. Dunn's vehicle. It took an automobile dealership a month to repair Mr. Dunn's vehicle. Mr. Karian should be compelled to pay for the repairs to Mr. Dunn's vehicle. Moreover, Mr. Dunn's lack of a vehicle adversely impacted his business. During the month that Mr. Dunn was without his truck his business income precipitously declined.

### 3. *Mr. Dunn Entitled to be Compensated for His Emotional Distress that He Suffered Because of Mr. Karian's Egregious Violation of the Automatic Stay*

It is respectfully submitted that Mr. Dunn is entitled to be compensated for the emotional

distress that he has suffered because of Mr. Karian's horrendous willful violations of the automatic stay. *In re Lansaw*, 853 F.3d 657 (3rd Cir. 2017)(authorizing emotional distress damages); *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139 (9th Cir. 2004)(authorizing emotional distress damages); *contra*, *Aiello v. Providian Financial Corp.*, 239 F.3d 876 (7th Cir. 2001).

In *In re Lansaw*, 853 F.3d 657 (3rd Cir. 2017) the Third Circuit held that emotional distress damages on account of a willful violation of the automatic stay are compensable consequential damages. Relying upon *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139 (9th Cir. 2004), the Third Circuit stated:

> Quoting extensively from the House Report for the Bankruptcy Reform Act of 1978, the court emphasized that Congress enacted the automatic stay not only to provide creditors financial protection, but also to provide "the debtor a breathing spell from his creditors. It stops all collection efforts, *all harassment*, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." *Id.* at 1147 (emphasis added) (quoting H.R. Rep. No. 95–595, at 340 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6296–97); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1074 (3d Cir. 1992) (quoting the same language).

*Id.* at 666. The court further held that medical evidence was not necessary in every case to prove emotional distress damages. The court held that there was sufficient evidence to support an award for emotional distress because there were willful and egregious violations of the automatic stay.

A pertinent case is *In re Johnson*, 601 B.R. 365 (Bankr. E.D.Pa. 2019). There, the court awarded $15,000.00 in emotional distress damages. The court stated:

> As discussed above, Mr. Zewdi's stay violations were patently egregious. The Debtor's credible testimony demonstrated that being wrongfully removed from the Property, having police threaten to arrest him if he re-

> turned to his own home, and watching helplessly as strangers threw sub-
> stantially all of his personal possessions into a trash truck in front of his
> entire neighborhood deeply traumatized, shocked, humiliated, and upset
> the Debtor, as well as threatened his sense of safety and security.

*Id.* at 380-81.

In the case bar, Mr. Karian viciously attacked Mr. Dunn with a can of pepper spray. Mr. Karian emptied the can of pepper spray in Mr. Dunn's face. Mr. Karian then proceeded to at-tempt to break the windows in Mr. Dunn's vehicle with a large hunting knife. Simultaneously, Mr. Karian was yelling that he was going to kill Mr. Dunn. Mr. Karian threw his large hunting knife at Mr. Dunn's vehicle breaking the rear window. Mr. Karian was arrested by the Harrison, New York police. Mr. Dunn has obtained an Order of Protection against Mr. Karian.

> ### 4. *Mr. Dunn is Entitled to be Compensated for His Reasonable Legal Fees and Costs*

Mr. Dunn is also entitled to be awarded reasonable legal fees and costs for the prosecu-tion of this Motion. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 76 (2nd Cir. 2013); 11 U.S.C. § 362(k)(1).

> ### 5. *Mr. Karian's Horrific Attacks Warrant the Imposition of Punitive Damages*

Bankruptcy Code Section 362(k) authorizes the imposition of punitive damages for egre-gious violations of the automatic stay. *In re Velichko*, 473 B.R. 64, 68 (Bankr. S.D.N.Y. 2012); 11 U.S.C. § 362(k). A finding of maliciousness or bad faith on the part of the offending creditor warrants the imposition of punitive damages. *Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (Crysen /Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2nd Cir. 1990).

The primary purposes of an award of punitive damages are punishment and deterrence. *In re Rackowski,* 2011 WL 7069457 *4 (Bankr. N.D.N.Y. 2011); *In re Lukach*, 2007 WL 1365436 *7 (Bankr. E.D.N.Y. 2007). One court has stated:

'The primary purpose of punitive damages awarded for a willful violation of the automatic stay is to cause a change in the creditor's behavior....' " *In re Panek,* 402 B.R. 71, 77 (Bankr.D.Mass.2009) (quoting *In re Shade,* 261 B.R. 213, 216 (Bankr.C.D.Ill.2001)). The Second Circuit has stated that the punitive damages standard imposed by § 362(k) "encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay...." *Crysen/Montenay Energy Co.,* 902 F.2d at 1105. In other words, "Parties may not make their own private determination of the scope of the automatic stay without consequence."

*In re Jean-Francois*, 532 B.R. 449, 459 (Bankr. E.D.N.Y. 2015).

Courts have imposed punitive damages for arrogant defiance of the automatic stay. *E.g.*, *In re Mocella*, 552 B.R. 706 (Bankr. N.D.Ohio 2016)($250,000.00 punitive damage award); *In re Jean-Francois*, 532 B.R. 449, 459 (Bankr. E.D.N.Y. 2015)($50,000.00 punitive damage award); *Diviney v. NationsBank of Texas (In re Diviney)*, 211 B.R. 951 (Bankr. N.D.Okla. 1997)($40,000.00 punitive damages); *In re Lile*, 103 B.R. 830, 837 (Bankr. S.D.Tex. 1989) *aff'd*, 161 B.R. 788 (S.D.Tex. 1993) *aff'd in part*, --- Fed.Appx. ---- (5th Cir.(Tex.) Dec 12, 1994) (Table, NO. 93-02625)($100,000.00 punitive damages).

In determining whether to impose punitive damages under Bankruptcy Code Section 362(k), several bankruptcy courts have identified five factors to guide their decision: the nature of the creditor's conduct, the creditor's ability to pay, the motives of the creditor, any provocation by the debtor, and the creditor's level of sophistication. *In re Jean-Francois*, 532 B.R. 449, 459 (Bankr. E.D.N.Y. 2015).

An instructive case concerning the awarding of punitive damages for violation of the automatic stay is *In re Jean-Francois*, 532 B.R. 449, 459 (Bankr. E.D.N.Y. 2015). There, two days after the debtor attempted to file for Chapter 13, the mortgagee sold the debtor's real property at a foreclosure sale. The debtor was evicted from the real property. Although the debtor suffered no consequential damages, the court awarded the debtor $50,000.00 in punitive damages. The

court stated:

> In other words, punitive damages should be awarded in the amount that is
> needed to deter future stay violations of this kind. In assessing the damages
> appropriate to deter future conduct by Church Avenue, it should be noted that
> Church Avenue learned of the bankruptcy filing on September 3, 2013 at the
> latest, yet went ahead with the eviction of the Debtor from the Building on
> September 16 without seeking relief from the automatic stay. Moreover,
> Church Avenue never sought stay relief to authorize it to exclude the Debtor
> from the Building after September 16, 2013, and offered Mr. Davidovics's
> patently incredible testimony that the locks were never changed in an effort
> to avoid responsibility for this ongoing stay violation. The fact that Church
> Avenue pursued the eviction more than a week after it learned of the Debtor's
> bankruptcy suggests that Church Avenue either made its own—incorrect—
> legal conclusion with respect to whether the eviction would be a stay viola-
> tion, or decided that moving ahead to empty the Building quickly and evict
> the occupants was worth more to it than the risk associated with defending a
> future § 362(k) motion.

*Id.* at 460.

Another relevant case in which a Bankruptcy Court imposed punitive damages for an

egregious willful violation of the automatic stay is *In re Johnson*, 601 B.R. 365 (Bankr. E.D.Pa.

2019). There, the court imposed a $20,000.00 punitive damages award. The court stated:

> First, the nature of Mr. Zewdi's conduct was deliberate, reprehensible,
> and unjustifiable. He "arrogantly defied" the Bankruptcy Code at every
> turn. Despite his own counsel's repeated warnings that he was not per-
> mitted to take any action to secure possession of the Property, he contin-
> ued using the police to wrongfully force the Debtor out of his home un-
> der threat of arrest and throwing his belongings into a trash truck.

*Id.* at 383.

The court further found that the creditor was motivated by greed, and the debtor had done

nothing to warrant the creditor's misconduct. The court stated:

> Second, Mr. Zewdi's motives were simple - he wanted to obtain posses-
> sion of the Property at any cost, even though he had no legal right to do
> so at the time, and had no regard for the impact that his actions had on
> the Debtor. Third, there is no evidence that the Debtor took any actions
> which would have provoked or justified Mr. Zewdi's egregious conduct.

*Id.*

Finally, in *Varela v. Ocasio (In re Ocasio)*, 272 B.R. 815 (Bankr. 1st Cir. 2002) the Bankruptcy Appellate Panel for the First Circuit affirmed a $9,000.00 punitive damage award for a threatened assault by a creditor.

In the case at bar, Mr. Karian, after being admonished by Your Honor, yelled at Mr. Dunn that he was going to kill him. Mr. Karian attempted to inflict bodily harm on Mr. Dunn with a large hunting knife. Mr. Karian could have killed Mr. Dunn leaving Ms. Dunn a widow and Mr. Dunn's children fatherless. It is indisputable that Mr. Karian acted in bad faith and with malice. It is incumbent upon this Court to impose severe sanctions upon Mr. Karian to deter him from engaging in criminal conduct in violation of the automatic stay. Equally important, a strong message must be sent to creditors that violence against debtors will not be tolerated.

INTENTIONALLY LEFT BLANK

## <u>CONCLUSION</u>

For all the reasons set forth herein, the relief requested in the Motion should be granted.

Dated: Carmel, New York
      November 22, 2019

                       **LAW OFFICE OF FRANCIS J. O"REILLY, ESQ.**
                       Attorney for **SEAN M. DUNN**

                       By:*<u>/s/ Carlos J. Cuevas</u>*
                          Carlos J. Cuevas
                          Francis J. O'Reilly
                          1961 Route 6
                          Carmel, New York 10512
                          Tel. No. 845-225-5800