Carlos J. Cuevas, Esq.    Hearing Date: 2/25/20 @ 11:00 AM
Attorney for Debtor
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re                                                    Chapter 7

SEAN M. DUNN,                                            Case No. 18-36566(CGM)

               Debtor.

---------------------------------------------------------------X

**MOTION TO VACATE ORDER GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY TO CONCLUDE
STATE COURT LITIGATION AND REIMPOSING THE AUTOMATIC STAY**

**TO THE HON. CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE**:

      Sean M. Dunn by his attorney, Carlos J. Cuevas, for his Motion to Vacate Order Granting

Limited Relief from the Automatic Stay to Conclude State Court Litigation and Reimposing the

Automatic Stay (the "Motion") respectfully represents:

**INTRODUCTION**

1.     On September 17, 2018, the Debtor filed for Chapter 7. (Dkt. No. 1).

2.     Fred Stevens, Esq. Is the Chapter 7 trustee in this Chapter 7 case.

3.     On November 21, 2018, LAK3, LLC ("LAK3") filed an adversary proceeding entitled

      *LAK3, LLC v. Dunn*, Adv. Pro. No. 18-9038(CGM) (the "Adversary"). (Bk. Dkt. No. 26).

4.     On December 10, 2019, this Court dismissed the Adversary d for failure to

1

prosecute.(Adv. Pro. Dkt. No. 21).

5. The Debtor seeks to vacate the Order Granting Limited Relief from the Automatic Stay to Conclude State Court Litigation (the "Lift Stay Order") because the rationale underlying stay relief no longer is in existence because the Adversary has been dismissed. (Exhibit A). Consequently, there is no need to conclude the state court litigation because the LAK3 is subject to discharge.

## BACKGROUND FACTS

6. On or about August 4, 2017, LAK3 commenced a civil action in the Supreme Court of the State of New York, Westchester County, *LAK3, LLC - v. - Sean Dunn et al* , Index No. 61510/2017 (the "State Court Action").

7. The State Court Action was stayed by the filing of this bankruptcy case.

8. On December 17, 2018, in the Adversary, LAK3 filed an Amended Complaint seeking to have its claim declared non-dischargeable pursuant to Bankruptcy Code Sections 523(a)(2), (a)(4) and (a)(6). (Adv. Pro. Dkt. No. 4). LAK3 Also sought to deny the Debtor his discharge pursuant to Bankruptcy Code Sections 727(a)(2), (a)(3) and (a)(4). (Adv. Pro. Dkt. No. 4).

9. In its Motion for Relief from the Automatic Stay to Conclude State Court Litigation (the Stay Relief Motion") LAK3 stated:

> LAK3 has since concluded that its resources as well as those of this Court will be best preserved and more efficiently deployed if LAK3 prosecutes the State Court Action to judgement, and then seeks to enable this Court to rely upon that judgment to adjudicate the claims asserted in the Amended Complaint.

(Stay Relief Motion ¶ 14).

10. On March 22, 2019, this Court entered the Lift Stay Order. (Exhibit A).

11. On December 10, 2019, this Court entered an Order Dismissing Case for Failure to Prosecute that dismissed the Adversary (the "Dismissal Order"). (Adv. Pro. Dkt. No. 21 (Exhibit B).

12. On January 29, 2020, this Court entered an Order Denying Motion to Vacate Order Dismissing Case for Failure to Prosecute. (Exhibit C).

13. The Motion is necessary because it appears that LAK3 is intent on proceeding with the trial in the State Court Action against the Debtor. (Exhibit D).

14. Under these circumstances, an order from this Court is necessary to clarify that the automatic stay is in effect, and litigation in the State Court Action against the Debtor is enjoined.

## **LEGAL ARGUMENT**

15. Pursuant to Bankruptcy Code Section 105(a), this Court is authorized to issue orders in aid of its jurisdiction. 2 *Collier on Bankruptcy* ¶ 105.01[1](16th ed. 2020).

16. Bankruptcy Code Section 105(a) states:

    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

    11 U.S.C. § 105(a).

17. Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure

60(b) in bankruptcy cases, and it states:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Fed. R. Bankr. P. 9024.

18. Federal Rule of Civil Procedure 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

19. The Debtor moves, pursuant to Federal Rule of Civil Procedure 60(b)(6) to vacate the Lift Stay Order.

20. There is a sufficient change in circumstances warranting the vacatur of the Lift Stay Order. *State Bank of Southern Utah v. Gldhill (In re Gledhill)*, 76 F.3d 1070 (10th Cir. 1996); *Timmons v. Rose Acceptance, Inc. (In re Timmons)*, 479 B.R. 597 (Bankr. N.D.Ala. 2012).

21. In *Gldhill (In re Gledhill)*, 76 F.3d 1070 (10th Cir. 1996) the Tenth Circuit affirmed the vacatur of an order vacating an order granting relief from the automatic stay. The court ruled that a change in circumstances warranted relief under Federal Rule of Civil Procedure 60(b)(6):

> Applying these principles to the instant case, we believe the district court correctly concluded that under the exceptional circumstances of this case the bankruptcy court did not abuse its discretion in granting the Trustee's motion for relief from the order lifting the stay under Rule 60(b)(6). The bankruptcy court emphasized that the circumstances of the case had changed significantly since it granted State Bank relief from stay to foreclose the property. The bankruptcy court granted State Bank relief from stay in part because Debtors had filed a serial petition in bad faith to prevent State Bank from foreclosing the property. Thus, in the context of the Chapter 11 reorganization, the February 17, 1993 order lifting the stay "punished" Debtors for seeking bankruptcy protection in bad faith, and allowed State Bank to foreclose its judgment lien. By December 1993, however, the case had been converted to a Chapter 7 liquidation. A foreclosure sale in the Chapter 7 would not punish Debtors, but other creditors because the estate would receive less from a foreclosure sale to distribute to creditors than it would by permitting the Trustee to liquidate the property in a commercially reasonable manner.

*Id.* at 1081.

22. Similarly, in *Timmons v. Rose Acceptance, Inc. (In re Timmons)*, 479 B.R. 597 (Bankr. N.D.Ala. 2012), pursuant to Federal Rule of Civil Procedure 60(b)(6), the court vacated an order granting relief from the automatic stay. The court stated:

> The circumstances of this case have changed significantly since this

> Court granted Rose relief from stay to foreclose the property. The bankruptcy court granted that relief from stay in part because the debtor had filed two prior cases involving the same property and Rose's mortgage without making payments on that mortgage. In contrast, the debtor's situation is different now. His oldest child has moved to college. That child has a job and a full tuition scholarship. That child will require little expenses from his father. The debtor has maintained his business for 18 years and is now in a posture to expand it. He has future sites under consideration. He is expecting a significant payment from his primary customer shortly. And while the debtor's wife died several years ago, it is clear to the Court that he and his children (or at least the oldest) are finally moving forward with their lives. It may be that they have turned the corner and will be able to make significant financial changes. He has maintained his business for 18 years.

> *Id.* at 609.

23. This Court lifted the automatic stay because the Adversary was pending. The Adversary has been dismissed. (Exhibit B).

24. LAK3 has no pending adversary proceeding contesting the dischargability of its claims or contesting the Debtor's discharge. (Exhibits B & C).

25. The Dismissal Order is still in effect. (Exhibit C).

26. The basis for granting the Order is no longer in existence.

27. Pursuant to Bankruptcy Code Section 362(a)(1), LAK3 should be stayed from pursuing the State Court Action against the Debtor.

28. Under these circumstances, pursuant to Bankruptcy Code Section 105(a), the Lift Stay Order should be vacated; and, pursuant to Bankruptcy Code Section 362(a)((1), this Court should state that the State Court Action against the Debtor is hereby stayed.

## **CONCLUSION**

29. For all the reasons set forth herein, the Motion should be granted.

WHEREFORE, the Movant respectfully requests that this Court enter an Order vacating the Order Granting Limited Relief from the Automatic Stay to Conclude State Court Litigation dated March 22, 2019; staying LAK3, LLC from prosecuting against Mr. Sean M. Dunn an action entitled *LAK3, LLC - v. - Sean Dunn et al*, Index No. 61510/2017, Supreme Court of the State of New York, County of Westchester; and such other and further relief as this Court deems just and equitable.

Dated: Yonkers, New York
      February 4, 2020

                              CARLOS J. CUEVAS, ESQ.
                              Attorney for Debtor
                              SEAN M. DUNN

                              By: /s/ Carlos J. Cuevas
                                  Carlos J. Cuevas
                                  1250 Central Park Avenue
                                  Yonkers, New York 10704
                                  Tel. No. 914.964.7060