Avery Samet
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
*Counsel for Creditor LAK3, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
In re : Chapter 7
:
SEAN M. DUNN, : Case No. 18-36566(CGM)
:
Debtor. :
:
------------------------------------------------------------X

### LIMITED RESPONSE OF CREDITOR LAK3, LLC TO DEBTOR'S MOTION TO VACATE ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Creditor LAK3, LLC ("LAK3") respectfully responds to the Debtor's Motion to Vacate (Dkt. No. 64, the "Motion") this Court's prior order granting relief from the automatic stay (Dkt. No. 45, the "Lift Stay Order") as follows.  LAK3 respectfully asks that, rather than vacate the Lift Stay Order immediately,  the Court  adjourn consideration of the Motion pending LAK3's appeal of the Court's December 10, 2019 order dismissing Adversary Proceeding No. 18-9038 (the "Adversary Proceeding") for failure to prosecute (the "Dismissal Order").

### BACKGROUND

1. LAK3 was the Movant on the successful motion (Dkt. No. 34) that resulted in this Court's entry of the Lift Stay Order, is the plaintiff-appellant in the Adversary Proceeding, this Court's dismissal of which is currently on appeal to the District Court, and is also the plaintiff in an action pending against the Debtor and two non-debtor co-defendants in Westchester County Supreme Court, Index. No. 61510/2017 (the "State Court Action").

2. The purpose of the Lift Stay Order was to allow the State Court Action to proceed through trial against all defendants, including the Debtor, with the facts found regarding the Debtor then to be brought back to this Court to resolve the Adversary Proceeding without it being necessary for this Court to oversee a separate substantive litigation of disputed facts almost entirely overlapping with the State Court Action, thus making everything more efficient for all parties and both court systems.

3. Debtor opposed LAK3's motion to lift the stay (Dkt. No. 41), but this Court found Debtor's arguments unavailing and granted the Lift Stay Order.

4. The State Court Action was trial-ready by October 16, 2019 (Exhibit A [Doc. No. 237 from State Court Action]), only seven months after this Court entered the Lift Stay Order.

5. By Order dated December 10, 2019, this Court dismissed the Adversary Proceeding for failure to prosecute after previous counsel for LAK3 failed to properly appear at a status conference and thus failed to advise this Court at that conference that the State Court Action was trial-ready.

## ARGUMENT

6. Debtor's only basis for vacating the Lift Stay Order is the material change in circumstances now that the Court has dismissed the Adversary Proceeding.

7. As a practical matter, LAK3 understands that it makes little sense to proceed against the Debtor in the State Court Action unless and until LAK3 prevails on its appeal in the Adversary Proceeding.

8. However, LAK3 respectfully suggests that the better course of action as a matter of judicial efficiency and conservation of resources is for this Court to hold Debtor's Motion in abeyance pending the outcome of LAK3's appeal of the dismissal of the Adversary Proceeding, and/or deny it without prejudice to prompt renewal should the District Court affirm this Court's

dismissal.[1] If the Court grants the Motion now, undoing its effect if the appeal is successful may create further delay after remand to this Court, hindering the prompt resolution of the dispute on its merits and may make it more difficult to coordinate the scheduling of trial in the State Court Action.

9. The State Court Action is fully trial-ready, and jury selection was scheduled to begin on March 30, 2020. Exhibit B (Doc. No. 292 from State Court Action, setting trial date). Because it would be inefficient for that trial to proceed with the fate of LAK3's appeal from the dismissal of the Adversary Proceeding unresolved, LAK3 has obtained the consent of the other parties to adjourn the trial date for approximately two months. Exhibit C (stipulation executed by all counsel of record in State Court Action). LAK3 is willing to commit to seek in good faith further adjournments of the trial date if the appeal to the District Court remains unresolved as the adjourned trial date approaches.

10. Further, the District Court has entered a briefing schedule for the appeal from the dismissal of the Adversary Proceeding which will have it fully briefed by April 24, 2020. Exhibit D (District Court scheduling order). LAK3, out of an abundance of caution, has recently noticed a separate appeal to the District Court from this Court's denial (Dkt. No. 34 in the Adversary Proceeding) of its motion to reconsider the dismissal of the Adversary Proceeding, but intends to brief that appeal jointly with its first appeal on the same schedule to avoid delay.

11. LAK3 intends to file its opening appeal brief in the District Court on or before this Friday, February 21, 2020, as required by the District Court's scheduling order. The undersigned

---

[1] LAK3 respects that this Court has already ruled, and has also denied LAK3's reconsideration motion. LAK3 certainly does not now ask this Court to assume or concede that the appeal from its decision will succeed. LAK3 asks this Court only to acknowledge that it is not unreasonable to believe that that the District Court may take a different view of the issue, making it prudent, from a case-management perspective, to take account of the contingent possibility that the appeal may succeed.

new counsel have not sought any delay in that schedule in order to get up to speed, and would be willing to agree to an expedited briefing schedule, should Debtor be so interested.

12. Debtor has previously claimed to want to wrap up his bankruptcy case as soon as possible, but he cannot, as a practical matter, have closure until LAK3's appeal is adjudicated and, if this Court's dismissal is reversed, the Adversary Proceeding is fully adjudicated on the merits. As was the case when this Court granted the Lift Stay Order, the most efficient way to adjudicate those merits (if the District Court were to rule in LAK3's favor on the pending appeals), is to allow the State Court Action to proceed against all three defendants, including the Debtor.

## **CONCLUSION**

13. LAK3 thus respectfully submits that the best course of action is that which reduces complexity, expense, and potential delay for all parties concerned, and that this Court should thus hold the current Motion in abeyance until the District Court has ruled on the pending appeals, and/or deny it without prejudice to prompt renewal if the District Court affirms this Court's decisions.

Dated: February 18, 2020  
      New York, New York

Respectfully submitted,

/s/ *Avery Samet*  
Avery Samet  
AMINI LLC  
131 West 35th Street, 12th Floor  
New York, New York 10001  
(212) 490-4700  
asamet@aminillc.com  
*Counsel for Creditor LAK3, LLC*