# EXHIBIT A

The parties have agree to settle this case in its entirety on the following terms subject to the approval of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court":

1. Defendants Sean Dunn and Gerald Dunn ("Defendants") agree to pay in one payment to Plaintiff LAK3, LLC ("LAK3") the sum of $260,000 (the "Payment Amount"), payable as follows:
    a. Within the later of 90 days of the date hereof or 14 days after the entry of an order approving this settlement by the Bankruptcy Court ("Effective Date"), Defendants will pay to LAK3 the sum of $70,000 (the "Initial Payment"). Payment shall be made by certified check, bank check, or wire to Plaintiff's counsel's trust account;
    b. Defendants will pay the balance of the Payment Amount to LAK3, the sum of $190,000, in equal, regular, monthly payments of $2,638.89 due on the 1st day of each month, commencing on the first month after the Effective Date, and in the event of any default of such payment, LAK3 shall provide written notice to Defendants and their counsel by email at dta@gdblaw.com, mvcarusolaw@gmail.com, welldunnone@aol.com and Gerald.J.Dunn@gmail.com and by overnight mail to counsel for each of the Defendants (Mr. Caruso and Mr. Azrin) unless Defendants provide other contact information. The notice in this Paragraph (Cb) shall provide a ten-day cure period.
    c. Defendants shall be entitled three ten-day cure periods per 12-month period.
2. Upon payment of the Initial Payment, LAK3 will deliver to Defendants' counsel, to hold in escrow, subject to Paragraph _ hereof, General Releases in favor of each Defendant, and will withdraw the United States IRS 1099 forms that LAK3 issued in respect of Sean Dunn and Jerry Dunn within seven days of the Effective Date, and will take any reasonable steps to resolve the deficiency notice resulting from the 1099 forms.
3. Upon complete satisfaction of the Payment Amount in full, Defendants' counsel shall release the escrowed Releases to Defendants, and shall return the affidavit of Confession of Judgment which shall then be null and void.
4. Upon delivery of the General Release in favor of Defendants to Defendants' counsel, Defendants will deliver to Plaintiff a General Release that will specifically cover, among other things, any liability in respect of the issuance of the 1099 forms noted above.
5. This recitation of these terms on the record in Court with the parties present shall serve as the binding agreement. Within five business days after the Effective DateDefendants will deliver to Plaintiff's counsel a Confession of Judgment and supporting affidavit in the confessed amount of $470,000, to which Defendants shall be jointly and severally liable.
6. Within a further ten business days after today's date, Defendant Sean Dunn shall file a motion ("Motion") pursuant to bankruptcy rule 9019 seeking approval of this

settlement by the Bankruptcy Court. In the Motion, the parties shall seek approval of this Settlement, dismissal with prejudice of the Adversary Proceeding including the objections to Mr. Dunn's discharge, and the Order shall declare that the obligation hereunder ~~Sean Dunn~~

7. The affidavit described in paragraph 5 above shall state that Plaintiff has alleged that Defendants are liable for breach of contract, unjust enrichment, fraud, breach of fiduciary duty, and a diversion of Lien Law Trust Fund assets under Article 3-A of the New York Lien Law and that if any of the monthly payments set forth above is not made when due, and remains uncured, the confessed amount shall become immediately due and payable.
8. Mr. Dunn agrees that this agreement and the confessed amount are ~~non-dischargeable~~ are not non-dischargeable under the Bankruptcy Code.
9. This agreement shall be governed by the laws of the State of New York and enforceable in the Supreme Court of the State of New York, County of Westchester.

10. [handwritten addition]

Lok 3, LLC By:
_____
Its Sole Member

_____
SEAN DUNN

_____
GEROD DUNN