Carlos J. Cuevas, Esq.  Hearing Date: 4/2/24 @ 9:00 AM
Attorney for Debtor
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------X

In re                                                          Chapter 7

SEAN DUNN,                                             Case No. 18-36566(CGM)

        Debtor.

------------------------------------------------------------X

# DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE

Sean Dunn by his attorney, Carlos J. Cuevas, Esq., for his Motion to Reopen Bankruptcy Case respectfully represents:

1. On September 17, 2018, the Debtor filed a voluntary Chapter 7 petition. (Dkt. No. 1).

2. On September 18, 2018, Fred Stevens, Esq. was appointed the Interim Chapter 7 Trustee, and thereafter, he qualified as the Permanent Chapter 7 Trustee.

3. On November 16, 2018, LAK3, LLC ("LAK3") filed an adversary proceeding against the Debtor, *LAK3, LLC v. Dunn*, Adv. Pro. No. 18-9038(CGM)(the "Adversary Proceeding"). (Dkt. No. 16).

4. On April 25, 2022, this Court entered an Order Approving Settlement Among Sean Dunn, LAK3 and Gerald Dunn (the "Settlement Order"). (Dkt. No. 93)(Exhibit A).

5. On May 5, 2022, this Court entered the Order of Final Decree. (Dkt. No. 94). On May 5, 2022, this bankruptcy case was closed.

1

6. The Debtor seeks to reopen this bankruptcy case because LAK3 has failed to comply with a material provision of the Settlement Order: The Settlement Order requires that LAK3 to withdraw the United States IRS 1099 Form that LAK3 issued with respect to Sean Dunn within seven days of the Effective Date, and that LAK3 will take any reasonable steps to resolve the deficiency notice resulting from the 1099 Form. (Exhibit A)(Settlement Order, Exhibit A ¶ 2).

7. Although the Debtor has made numerous requests to LAK3 for compliance with Paragraph 2 of the Settlement Order, almost two years has elapsed since the Settlement Order was entered, LAK3 has contumaciously failed to comply with Paragraph 2 of the Settlement Order.

## THE SETTLEMENT ORDER

8. Attached as Exhibits B and C are the Debtor's 2019 tax transcripts (the "Transcripts"). (Exhibit B).

9. Page 5 of each of the Transcripts unequivocally states that LAK3 issued a Form 1099 to the Debtor for $322,868.00. (Exhibits B & C).

10. The Debtor denies that during 2019 that he received $322,868.00 from LAK3.

11. Consequently, as part of the settlement of the Adversary Proceeding the parties agreed that LAK3 would withdraw the United States IRS 1099 Form that LAK3 issued with respect to Sean Dunn within seven days of the Effective Date, and that LAK3 would take any reasonable steps to resolve the deficiency notice resulting from the 1099 Form. (Exhibit A)(Settlement Order, Exhibit A ¶ 2).

12. Paragraph 2 of the Settlement Agreement is a material provision of the settlement among the parties.

## THE DEBTOR SEEKS TO REOPEN THIS BANKRUPTCY CASE SO THAT HE CAN OBTAIN COMPLIANCE OF THE SETTLEMENT ORDER BY HOLDING LAK3 IN CONTEMPT

13. As set forth in the accompanying Declaration of David T. Azrin, Esq., since the effective date of the Settlement Order, for almost two years, the Debtor has made numerous and concerted efforts to have LAK3 comply with Paragraph 2 of the Settlement Order. The Debtor has strenuously sought to resolve this dispute with LAK3 without judicial intervention.

14. Nevertheless, after repeated requests by the Debtor, LAK, in contravention of the Settlement Order, has contumaciously refused to withdraw the 1099 Form that it issued for $322,868.00 concerning the Debtor.

15. Accordingly, the Debtor seeks to reopen this bankruptcy case so that he may prosecute a motion for civil contempt against LAK3 for failure to comply with the Settlement Order.

## LEGAL AUTHORITY FOR THE RELIEF REQUESTED

16. Bankruptcy Code Section 350(b) authorizes the reopening of a bankruptcy case, and it states:

    A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

    11 U.S.C. § 350(b).

17. Bankruptcy Code Section 350(b) authorizes the reopening of a bankruptcy case to afford relief to a debtor. *In re Schneider*, 126 B.R. 626, 628 (Bankr. M.D.Fla. 1991).

18. A motion to reopen should be liberally granted. *In re Van Winkle*, 616 B.R. 896, 900 (Bankr. D.N.M. 2020).

19. A court may reopen a bankruptcy case to enable it to enforce a court order. 3 *Collier on Bankruptcy* ¶350.03[4](16th ed. 2024).

20. Pursuant to Bankruptcy Code Section 105(a), a Bankruptcy Court has the authority to issue a civil contempt order. *In re Eppolito*, 583 B.R. 822, 826 (Bankr. S.D.N.Y. 2018); *In re Chief Executive Officers Clubs, Inc.*, 359 B.R. 527, 534 (Bankr. S.D.N.Y. 2007).

21. The elements of civil contempt are the following: "(i) the order the party allegedly failed to comply with is clear and unambiguous, (ii) the proof of noncompliance is clear and convincing, and (iii) the party has not diligently attempted in a reasonable manner to comply with the order." *In the Matter of Kossoff PLLC*, 2021 WL 5492186 *9 (Bankr. S.D.N.Y. 2021); *see also*, *In re Eppolito*, 583 B.R. 822, 826 (Bankr. S.D.N.Y. 2018).

22. The Settlement Order is unambiguous concerning LAK3's obligation to withdraw the United States IRS 1099 Form that LAK3 issued with respect to Sean Dunn within seven days of the Effective Date, and LAK3's obligation to take any reasonable steps to resolve the deficiency notice resulting from the 1099 Form.

23. The proof of LAK3's non-compliance is clear and convincing. The Transcripts, which was generated by the IRS, unequivocally demonstrates that LAK3 has failed to withdraw the 1099 Form it issued concerning the Debtor. (Exhibits B & C). Equally important, LAK3 has failed to take reasonable steps to resolve the deficiency notice from the LAK3 1099 Form.

24. LAK3 has not diligently attempted in a reasonable manner to comply with the Settlement Order. Mr. Ned Kleinschmidt, the Managing Member of LAK3, is an accountant. The provision in question was negotiated among the parties. As set forth in the accompanying Declaration of David T. Azrin, Esq., LAK3 has failed to take any action to comply with the Settlement Order.

25. Under these circumstances, the Debtor has demonstrated that it has a *prima facie* case for civil contempt against LAK3.; therefore, cause exists for the reopening of this bankruptcy case.

26. No prior application for the relief sought herein has been made.

WHEREFORE, the Movant respectfully requests that this Court enter an order reopening this bankruptcy case to authorize the Debtor to prosecute a motion for civil contempt against LAK3, LLC; and granting such other and further relief as this Court deems just and equitable.

Dated: Yonkers, New York
      February 27, 2024

                                  CARLOS J. CUEVAS, ESQ.
                                  Attorney for Debtor

                                  By:*/s/ Carlos J. Cuevas*
                                      Carlos J. Cuevas
                                      1250 Central Park Avenue
                                      Yonkers, New York 10704
                                      Tel. No. 914.964.7060