Carlos J. Cuevas, Esq.  Hearing Date: 4/2/24 @ 9:00 AM
Attorney for Debtor
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------------X

In re                                                                 Chapter 7

SEAN M. DUNN,                                              Case No. 18-36566(CGM)

          Debtor.

-------------------------------------------------------------X

**TO THE HONORABLE CECELIA G. MORRIS,
UNITED STATES BANKRUPTCY JUDGE**:

**REPLY OF SEAN DUNN IN SUPPORT OF HIS
MOTION TO REOPEN BANKRUPTCY CASE**

     Sean M. Dunn by his attorney, Carlos J. Cuevas, Esq., for his Reply in Support of His Motion to Reopen Bankruptcy Case respectfully represents:

**INTRODUCTION**

1. It is fundamental in an individual bankruptcy case that a debtor's "fresh start" is paramount. Mr. Dunn is compelled to prosecute this Motion to Reopen because an erroneous 1099 Form issued by or on behalf of LAK3, LLC ("LAK3") for $322,868.00 has generated a tax personal liability of more than $80,000.00.

2. As set forth in the Declaration of David T. Azrin, Esq. and the exhibits thereto, Mr. Dunn is seeking judicial intervention because for two years LAK3 has intransigently refused to

1

take any action to contact the IRS have an erroneous LAK3 2019 Form 1099 corrected to reflect zero income.

3. Mr. Dunn is seeking to reopen this bankruptcy case to prosecute a motion for contempt for the violation of the Order Approving Settlement Among LAK3, LLC; Sean M. Dunn; and Gerald Dunn (the "Settlement Order") or in the alternative to obtain an order from this Court directing LAK3 to issue correspondence to the IRS informing it that the LAK3 2019 Form 1099 is incorrect and that Mr. Dunn did not receive any income from LAK3 during the year 2019.

## THIS COURT HAS JURISDICTION TO ADJUDICATE THIS DISPUTE

4. The Supreme Court has made the following statements concerning a federal judge's civil contempt power over an order that he or she has issued:

   > Unlike most areas of law, where a legislature defines both the sanctionable conduct and the penalty to be imposed, civil contempt proceedings leave <u>the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct</u>. (Emphasis added).

   *Int'l United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994).

5. Federal Rule of Civil Procedure 4.1 commands that a proceeding for civil contempt must be brought in the court which was allegedly defied by the contumacious act. Fed. R. Civ. P. 4.1.

6. Thus, it well established law in the United States Court of Appeals for the Second Circuit that enforcement of an order lies with the court that issued the order. *Bruce v. Citigroup Inc.*, 75 F.4th 297, 303 (2nd Cir. 2023); *Stiller v. Hardman*, 324 F.2d 626, 628 (2nd Cir. 1963).

7. Mr. Dunn is seeking to enforce the Settlement Order so that the spurious LAK3 2019 1099 Form will be eradicated from his tax transcript.

8. As set forth above, LAK3's interpretation of federal law is erroneous. Mr. Dunn is not seeking to enforce the stipulation; rather, he is seeking to enforce the Settlement Order.

9. LAK3's opposition papers are bereft of any legal authority that grants a state court the subject matter jurisdiction to conduct a contempt proceeding of a federal court order.

10. This Court is the only court with subject matter jurisdiction that is authorized to enforce the Settlement Order.

11. Under these circumstances, this Court has subject matter jurisdiction to adjudicate and it should grant the Motion to Reopen.

## **THE MOTION TO REOPEN SHOULD BE GRANTED**

12. The IRS does not issue 1099 Forms. Rather, the IRS is only a recipient of 1099 Forms.

13. For two years Mr. Dunn has unsuccessfully attempted to have LAK3 correct the erroneous LAK3 20191099 Form. Nevertheless, as its opposition papers attest, LAK3 has contumaciously refused to either retract the erroneous LAK3 2019 1099 Form or to transmit correspondence to the IRS stating that it never issued the LAK3 2019 1099 Form and that it is spurious.

14. If the LAK3 did not issue the 1099 Form, then it should have immediately notified the IRS that an unknown entity was filing fraudulent documents on its behalf without its knowledge or authorization and that the IRS should disregard these documents.

15. LAK3 has countenanced the filing of a fraudulent document, LAK3 2019 1099 Form, with the IRS.

16. Even though Mr. Kleinschmidt, LAK3's managing member, is an accountant, for the last two years LAK3 has remained intractable and reticent and refused to rectify the filing of a fraudulent document with the IRS and it has permitted the situation to fester, which is necessitating judicial intervention.

17. It is consequential and unrefuted that Mr. Dunn's tax transcript contains a 1099 Form issued from LAK3. The LAK3 opposition papers are bereft of any allegation that the information in Mr. Dunn's 2019 tax transcript concerning the LAK3 1099 Form is inaccurate, including the Payer's Federal Identification Number and address.

18. It is also undisputed that LAK3 has access to the information necessary to prepare a 1099 Form: the Payer's Federal Identification Number and address and Mr. Dunn's Social Security number.

19. Significantly, LAK3 filed two erroneous 1099 Forms concerning Mr. Dunn. These two erroneous 1099 were only withdrawn because of an order issued by this Court.

20. Under these circumstances, it is respectfully submitted that Mr. Dunn has submitted a *prima facie* case concerning LAK3's contempt of the Settlement Order.

21. In the alternative, pursuant to Bankruptcy Code Section 105(a), if this does not find LAK3 in contempt of the Settlement Order, then it should issue an order directing that LAK3 transmit correspondence to the IRS stating that the LAK3 2019 1099 Form is incorrect and that in 2019 it did not pay any income to Mr. Dunn.

22. An order from this Court is necessary because of LAK3's intransigence to take remedial action to rectify the erroneous LAK3 2019 1099 Form.

23. Mr. Dunn is entitled to his fresh start. Until the bogus LAK3 2019 1099 Form issue is resolve Mr. Dunn will be unjustly burdened with a tax personal liability of more than $80,000.00. Consequently, there is a valid reason for reopening this bankruptcy case.

## **CONCLUSION**

24. For the reasons set forth herein, the Motion to Reopen should be granted.

WHEREFORE, the Movant respectfully requests that this Court enter an order reopening this bankruptcy case to authorize the Debtor to prosecute a motion for civil contempt against LAK3, LLC; and granting such other and further relief as this Court deems just and equitable.

Dated: Yonkers, New York
March 28, 2024

CARLOS J. CUEVAS, ESQ.
Attorney for Debtor
SEAN M. DUNN

By: */s/ Carlos J. Cuevas*
Carlos J. Cuevas
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060