# EXHIBIT D

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re SEAN M. DUNN                                Case No. 18-36566(CGM)

              Debtor

                                      Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **United States Department of the Treasury, Internal Revenue Service**
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All the documents set forth on Exhibit A within three weeks of the receipt of this Subpoena to the Law Office of Carlos J. Cuevas, Esq., 1250 Central Park Avenue, Yonkers, New York 10704.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 24, 2024

                CLERK OF COURT

                                           OR

_____        /s/ Carlos J. Cuevas
*Signature of Clerk or Deputy Clerk*            *Carlos J. Cuevas*

The name, address, email address, and telephone number of the attorney representing *Sean M. Dunn*, who issues or requests this subpoena, are: Carlos J. Cuevas, Esq., 1250 Central Park Avenue, Yonkers, New York 10704 Tel. No. 914.964.7060

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "Document" means any writing, drawing, graph, chart, photograph, phonecord, computer data, email, text message, or other data compilation from which information can be obtained, whatever its origin or location, and regardless of the form in which such information exists or is maintained, and includes, but is not limited to: correspondence, books, records, memoranda, contracts, tables and tabulations, graphs, charts, diagrams, plans, schedules, appointment books and calendars, diaries, telephone messages and logs, tapes, recordings, transcriptions, notices, instructions, minutes, filings, and inter- and intra- office communications; and includes all originals, drafts, non-identical copies and copies with marginal notations or interlineations.

2. "Documents relating to" means documents consisting of, containing, constituting, discussing, describing, concerning, showing, relating or referring to in any way, or being legally, logically, or factually connected directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

3. "Communication" means any contact between two or more persons and shall include, but is not limited to, written contact and any oral contact such as face-to-face meetings and telephone conversations.

4. The "Debtor" means Sean M. Dunn with the last four Social Security numbers of 7074.

5. The "LAK3" means LAK3, LLC, 1943 Beekman Ct., Yorktown Heights, New York 10598 and any of its employees, agents, representatives, officers, directors, or persons acting on its behalf.

6. The Uniform of Definitions in Discovery Requests of Local Bankruptcy Rule 7026-1 are incorporated herein.

7. "I.R.S." means the Internal Revenue Service.

## INSTRUCTIONS

A. The documents covered by this request include all documents in the possession, custody or control of the I.R.S., its representatives, agents, partners, affiliates, or persons acting on its behalf.

B. The documents covered by this request include any documents that were generated or received by the I.R.S. or otherwise came into existence or were utilized by the I.R.S. during the period January 1, 2019 through and including the date of production.

C. Each document must be produced in its entirety, including attachments, enclosures, and transmittal sheets, and in its original folder, binder, or other cover or container, unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook or other cover or container, a copy of the label of such cover or other container must be attached to the document. A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

D. With respect to each document withheld from production on the ground of privilege, work product, or any similar claim, provide the following information for each such document:

(a) the name(s) and title(s) of the author(s) and/or sender(s) and addressee(s) and any other recipient(s); (b) the name and title of each person (other than stenographic or clerical assistant) participating in the preparation of the document; (c) the name and title of each person to whom the contents of the document have heretofore been disseminated by copy, exhibition, reading or substantial summarization; (d) the date and number of pages of the document; (e) a description of the nature and subject matter of the document; (f) a statement of the basis on which it is claimed that the document is protected from disclosure; and (g) the name and title of the person supplying the information requested in subparagraphs (a) through (f) above.

E. Notwithstanding a claim that a document is protected from disclosure, any documents that are withheld must be produced with the portion claimed to be protected redacted.

F. Each request for production of documents herein shall be deemed to be continuing so as to require prompt supplemental responses if further documents called for herein are obtained or discovered between the time of responding to this request and the time of trial.

G. If any document within the scope of this request has been destroyed, the response hereto shall describe in detail the circumstances of such destruction, and any documents relating to such destruction shall be produced.

## DOCUMENT TO BE PRODUCED

Produce the following documents in your possession, custody or control:

1. All 2019 LAK3 1099 Forms concerning the Debtor.
2. All 2019 LAKK3 1096 Forms concerning the Debtor.
3. All documents concerning any 2019 LAK3 1099 Form concerning the Debtor.
4. All documents concerning any 2019 LAK3 1096 Form concerning the Debtor.

5. All correspondence concerning any correspondence concerning any 2019 LAK3 1099 Form concerning the Debtor.

6. All correspondence concerning any correspondence concerning any 2019 LAK3 1096 Form concerning the Debtor.