Carlos J. Cuevas, Esq.
Attorney for Debtor
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------------X

In re                                                    Chapter 7

SEAN M. DUNN,                                            Case No. 18-36566(KYP)

          Debtor.

-------------------------------------------------------------X

### DECLARATION OF SEAN M. DUNN IN SUPPORT
### OF THE MOTION TO HOLD LAK3, LLC CIVIL CONTEMPT

       SEAN M. DUNN, declares under penalty of perjury pursuant to the laws of the United States, Judicial Code Section 1746, that the following is true and correct:

### INTRODUCTION

1. I am the Debtor in this Chapter 7 case. Unless otherwise stated, I have personal knowledge of the facts contained in this declaration.

2. I am compelled to prosecute this motion for contempt because for more than two- and one-half years LAK3, LLC ("LAK3") has contumaciously violated the Order Approving Settlement among LAK3, LLC; Sean M. Dunn; and Gerald Dunn (the "Settlement Order"), Dkt. No. 93. (Exhibit A).

3. As set forth herein, LAK3's continuous contumacious violation of the Settlement Order for more than two- and one-half years has financially and emotionally damaged me.

4. Therefore, I am compelled to seek redress in this Court for LAK3's multiple, willful and heinous transgressions of the Settlement Order.

## FACTUAL BACKGROUND

### A. *The Dunn Bankruptcy Case*

5. LAK3 and I had entered into a contract for the construction of a multi-million luxury residence in Lake Mahopac, New York. During the middle of construction LAK3 and I had dispute concerning the construction of the luxury residence.

6. Simultaneously in the middle of the dispute with LAK3, I was involved in a horrendous motorcycle accident. I was in a coma for over a month. I sustained several major injuries. I was hospitalized for four months. I had an extended recovery period under which I went physical rehabilitation.

7. I could not work and I could not pay my bills.

8. I had no health insurance.

9. On August 4, 2017, LAK3 commenced a civil action against me concerning the construction of the luxury residence, *LAK3, LLC v. Dunn et al*, 61510/2017, Supreme Court of the State of New York, County of Westchester (the "State Court Action"). (Exhibit B).

10. I had to pay for an attorney to respond to LAK3's litigation extravaganza.

11. I had to pay for an expert to prove that I was not at fault concerning the construction of the luxury residence.

12. I was in physical therapy, I had thirty-eight surgeries, and I could not properly operate my business.

13. On September 17, 2018, I was compelled to commence this Chapter 7 case, *In re Dunn*, Case No. 18-36566(KYP), United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case"). (Exhibit C).

14. The precipitating factors for my filing for Chapter 7 case were my motorcycle accident and the State Court Action.

15. On November 21, 2018, LAK3 filed an adversary proceeding to have its debt declared non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2), 523(a)(4), and 523(a)(6), and LAK3 also objected to my discharge, *LAK3, LLC v. Dunn*, Adv. Pro. No. 18-9038(CGM), United States Bankruptcy Court for the Southern District of New York (the "Adversary Proceeding"). (Exhibit D).

16. The litigation between LAK3 and me was protracted, vexatious and costly.

    B. *The Settlement Order*

17. Subsequently, several years later, on the eve of the trial of the State Court Action there was a settlement among the parties that was embodied in the Settlement Order. (Exhibit A).

18. A critical component of the settlement was that LAK3 agreed to "withdraw the United States IRS 1099 forms that LAK3 issued in respect of Sean Dunn and Jerry Dunn within seven days of the Effective Date, and will take any reasonable steps to resolve the deficiency notice resulting from the 1099 forms." (Exhibit D) (Order Approving Settlement, Exhibit A ¶ 2).

19. This provision was crucial because LAK3 had issued to me three erroneous 1099 forms for 2016, 2017 and 2019.

C. *LAK3 Violates the Settlement Order by Refusing to Issue a Corrected 2019 1099 Form Reflecting Zero Income*

20. It is suspicious that LAK3 would issue three erroneous 1099 forms to me. Mr. Ned Klein-schmidt, the managing member of LAK3, is an experienced accountant and a former CPA.

21. There is no factual basis for the issuance of a 1099 form to me because I did not receive any income from LAK3 for that particular year. LAK3 should not have issued a 1099 form to me.

22. LAK3 did rectify the erroneous 1099 forms that it had issued to me for 2016 and 2017.

23. However, LAK3 failed to rectify the erroneous 2019 1099 form that it had issued to me.

24. The willful erroneous LAK3 2019 1099 form is consequential.

25. The willful erroneous LAK3 2019 1099 form reflected $322,868.00 in income to me.

26. The erroneous LAK3 2019 1099 form asserted that I received $322,868.00 in income that I had never received, and for which I should not be responsible for paying income taxes thereon.

27. It is undisputed that in 2019 I never rendered any services to LAK3.

28. For approximately two years, as set forth in the Declaration David T. Azrin, Esq., LAK3 failed to take any action to comply with the Order Approving the Settlement concerning the erroneous 2019 LAK3 1099 form.

D. *LAK3's Intransigence Compels Me to Seek Judicial Relief and Reopen This Bankruptcy Case to Enforce the Settlement Order*

29. On February 28, 2024, almost two years after the entry of the Settlement Order, because of LAK3's intransigence in refusing to comply with the Settlement Order concerning the

erroneous 2019 LAK3 1099 form, compelled me to seek judicial intervention and reopen this Chapter 7 case. (Bk. Dkt. No. 96).

30. LAK3 strenuously objected to the reopening of this Chapter 7 case. (Bk. Dkt. No. 98).

31. Judge Morris granted the motion to reopen. (Bk. Dkt. No. 102).

32. LAK3 obtained a Federal Rule of Bankruptcy Procedure 2004 Order concerning the erroneous LAK3 2019 1099 form. (Dkt. Nos. 105 & 107).

33. My counsel diligently sought documents from the IRS to verify that LAK3 had issued the erroneous LAK3 2019 1099 form. (Dkt. No. 108).

34. The investigation concerning LAK3's issuance of its erroneous 2019 1099 form lasted approximately six months.

35. My counsel's investigation revealed that it was LAK3 that had issued the erroneous LAK3 2019 1099 form, which falsely stated that I had received $322,868.00 in income.

36. My counsel's investigation revealed that LAK3's contention that it had never issued the false 2019 LAK3 1099 form was a blatant misstatement.

37. After more than two-and -one-half years LAK3 finally complied with the Settlement Order.

38. On or about November 6, 2024, LAK3 finally complied with the Settlement Order when it issued a corrected 1099 form for 2019 that reflected zero income for me.

39. All the documents obtained from the IRS unequivocally state that LAK3 issued the erroneous 2019 LAK3 1099 form.

    E. *I have Suffered Damages Because of LAK3's Two-and-One Year Violation of the Settlement Order*

        1. *I have Incurred Attorney and Professional Fees Because of LAK3's Two-and-One Year Violation of the Settlement Order*

40. I have incurred substantial legal fees because of LAK3's unjustified, willful and obstinate refusal to comply with the Settlement Order.

41. David Azrin, Esq., who represented me in the State Court Action, was engaged in correspondence with Mr. Gordon, LAK3's, State Court Action counsel, attempting to consensually obtain LAK3's compliance with the Settlement Order and have it rectify the erroneous 2019 1099 form it had issued to me and was unsuccessful.

42. Mr. Azrin attempted for two years to obtain LAK3's compliance with the Settlement Order. However, LAK3 was contumaciously intransigent, and it refused to comply with the Settlement Order.

43. Consequently, I was compelled to seek judicial intervention because of LAK3's obdurate refusal to comply with the Settlement Order and correct the erroneous 2019 1099 form that it had issued to me.

44. Mr. Cuevas made a motion to reopen this bankruptcy case, which was vigorously opposed by LAK3, which was granted.

45. Thereafter, Mr. Cuevas obtained a Federal Rule of Bankruptcy Procedure 2004 Order to obtain documents from the IRS concerning the erroneous LAK3 2019 1099 form.

46. Mr. Cuevas conducted an investigation to obtain documentary proof that LAK3 issued the erroneous 2019 1099 form.

47. The IRS responses to my document requests confirmed that LAK3 had issued the erroneous 2019 LAK 1099 form to me.

48. It was a costly and arduous process confirming that LAK3 had issued the erroneous 2019 LAK 1099 form to me.

49. I had to engage two sets of attorneys to obtain enforcement of the Settlement Order.

50. I have sustained damages in the form of legal fees because of LAK3's prolonged contumacious defiance of the Settlement Order.

51. LAK3 should be compelled to pay for my attorneys' fees incurred in connection with the enforcement of the Settlement Order.

52. Equally important, in connection with the prosecution of this motion for contempt, I have needed to retain an expert witness concerning federal income tax law.

53. LAK3's protracted contumacious defiance of the Settlement Order compelled the prosecution of this motion for contempt.

54. LAK3 should be compelled to pay for the cost of my accounting expert.

55. Under these circumstances, LAK3 should be directed to pay for my legal and accounting fees associated with the enforcement of the Settlement Order.

> *2. I have also Suffered Emotional Distress Damages Because of LAK3's Two-and-One Year Willful Violation of the Settlement Order*

56. I have also suffered emotional distress damages because of the issuance of the erroneous LAK3 2019 1099 and LAK3's continuous contumacious defiance of the Settlement Order.

57. I am married and have young children. The erroneous LAK3 2019 1099 form damaged my family and me.

58. The erroneous 2019 LAK 1099 form issued by LAK3 caused stress in my marriage.

59. The erroneous tax debt inhibited my financial ability to provide for my family.

60. The erroneous LAK3 2019 1099 form has resulted in the issuance of tax liens against me.

61. The erroneous LAK3 2019 1099 form destroyed my credit score.

62. The erroneous LAK3 2019 1099 has made it impossible for me to obtain a mortgage because of the pending tax liens caused solely by LAK3's willful failure to comply with the Settlement Order.

63. In the interim, house prices and mortgage rates have increased.

64. I continue to rent and my children do not have their own home, and this pains me as a father who loves his children.

65. The inability to buy a house for my family has been emotionally excruciating because I feel that I have failed my children.

66. The IRS has been relentless in its collection efforts.

67. Throughout the past years the IRS has been aggressively pursuing me to collect the purported taxes due from the erroneous LAK3 2019 1099 form that LAK3 issued to me.

68. I have had to endure the unnecessary and relentless collection efforts of the IRS because of LAK3's continuous contumacious disregard of the Settlement Order.

69. During this ordeal because of the erroneous 2019 LAK 1099 form, the IRS seized a $10,000.00 tax refund that was due me.

70. My emotional and physical health have suffered because of the unrelenting nightmare I have had to endure caused by the erroneous LAK3 2019 1099 form that LAK3 issued to me.

71. I constantly felt depressed because of the continuous barrage of collection activity by the IRS to collect federal income taxes on account of the erroneous LAK3 2019 1099 form that LAK3 issued to me.

72. I gained weight because of the incessant stress from the IRS.

73. The stress was debilitating. I developed high blood pressure, I developed debilitating headaches, and I developed nose bleeds because of the erroneous LAK 2019 1099 form.

74. I developed sleep apnea because of the erroneous LAK 2019 1099 form.

75. The phone calls, paper mail, and emails from the IRS for the past five years concerning the erroneous LAK 2019 1099 have been unbearably devastating.

76. I entered into a settlement with LAK3 in good faith to facilitate my fresh start from bankruptcy. I have abided by the terms of the Settlement Order.

77. However, as set forth herein, LAK3, through its managing members and agents, has violated the Settlement Order by refusing to prompt take remedial action to correct the erroneous LAK3 2019 1099 form issued to me.

78. Mr. Kleinschmidt is a former CPA, a financial advisor, and LAK3's managing member.

79. LAK3 has issued three erroneous 1099 forms for which it was required to correct.

80. The erroneous LAK3 2019 1099 form falsely reported that I had received $322,868.00 in income that I had never received.

81. By falsely reporting that I received $322,868.00 in income LAK3 created a huge tax liability for me.

82. The inability to address this tax liability made my life an unbearable nightmare.

83. A person who was a CPA and is a financial advisor, such as Mr. Kleinschmidt, would understand that issuing an erroneous 1099 that falsely reported income would create financial havoc and other chaos for me.

84. For more than two-and-one-half years LAK3 contumaciously defied the Settlement Order, which thwarted my fresh start and severely hurt my family. Moreover, I have been

emotionally, physically and financially harmed by LAK3's willful defiance of the Settlement Order.

85. Mr. Kleinschmidt filed a Declaration that LAK3 did not issue the erroneous LAK3 2019 1099 form, which is false. (Dkt. No. 98-18).

86. Under oath Mr. Kleinschmidt stated:

> 3. I have retained and directed the accounting firm of Perelson Weiner to prepare and file any tax forms that LAK3 has been required to file. No other firm or person has handled that work. The accountant at Perelson Weiner who handles that work is Jay A. Friedman, a Perelson Weiner Partner.
>
> 4. At no time did I or anyone else on behalf of LAK3 ever direct Mr. Friedman or anyone else at Perelson Weiner to issue an IRS Form 1099 to Debtor or any person or business connected to Debtor on behalf of LAK3 for Tax Year 2019.

(Kleinschmidt Dec. ¶¶ 3-4)(Dkt. No. 98-18).

87. It is now known that LAK3 did issue the erroneous LAK3 2019 1099 form.

88. It appears Mr. Kleinschmidt did interpose a misleading statement under oath to this Court.

89. LAK3's conduct concerning the erroneous 2019 LAK3 1099 form is atrocious.

90. For over two- and one-half years LAK3 willfully violated the Settlement Order, which is atrocious.

91. LAK3 vigorously and wantonly opposed efforts to enforce the Settlement Order in this Court.

92. Under these circumstances, this Court should award compensatory damages for emotional distress.

93. LAK3's conduct is heinous. LAK3's continuous contumacious defiance of the Settlement

Order also warrants the imposition of a $100.00 a day penalty for each day that LAK3

violated the Settlement Order.

## **CONCLUSION**

94. For all the reasons set forth herein, the motion for contempt should be granted.

WHEREFORE, your Declarant respectfully requests that this Court enter an order holding

LAK3, LLC in civil contempt; awarding compensatory damages; and such other and further re-

lief as this Court deems just and equitable.

Dated: Simpsonville, South Carolina
        March 31, 2025

                                                    _/s/ Sean M. Dunn_
                                                    Sean M. Dunn